## MACKENZIE v. CITY OF ANADARKO.

No. 8691—Opinion Filed Dec. 17, 1918.

Rehearing Denied Feb. 25, 1919.

(178 Pac. 483.)

(Syllabus.)

1. **Municipal Corporations—Special Assessments—Interest—Rate.**

The city council of a city of the first class has not the power to direct the city clerk to collect interest at a less rate than that prescribed by statute upon installments of special assessments made against abutting property to pay for street improvements, or to remit penalties accrued on delinquent installments.

2. **Municipal Corporations — Municipal Bonds—Rate of Interest—Liability.**

A city of the first class, which has contracted for the permanent improvement of streets to be paid for by street improvement bonds payable solely from assessments levied upon the lots and tracts of land benefited by such improvements, and which shall in no event become a liability of the city issuing the same, is not liable to the holder of the bonds for unauthorized reduction by resolution of the city council in the rate of interest prescribed by law to be paid upon deferred installments of such assessments, or unauthorized rebates of penalties accrued on delinquent installments.

Error from District Court, Caddo County: Will Linn, Judge.

Action by William Mackenzie against the City of Anadarko. Judgment for defendant, and plaintiff brings error. Affirmed.

Tibbets & Green, for plaintiff in error.

R. L. Lawrence and A. J. Morris, for defendant in error.

MILEY, J. The city of Anadarko is a city of the first class. Pursuant to certain resolutions and ordinances, duly passed, and proceedings regularly taken under chapter 10, Sess. Laws 1907-08, p. 166, as amended by chapter 7, art. 1, Sess. Laws 1909, p. 131, the city council of said city awarded three separate contracts to J. F. Hill for the perma-

nent improvement by paving as many streets in that city. The contracts were fully performed by the said contractor and the work completed in accordance therewith. Pursuant to said acts, appraisers were appointed by the mayor and council to appraise and apportion the benefits to the several lots and tracts of land abutting on the several improvements. After the appraisers had made their reports and the same had been regularly revised and corrected by the mayor and council, and they had by resolution confirmed the same as revised and corrected, valid ordinances were regularly adopted levying assessments against the said several lots and tracts of land in the amounts set out therein, to pay for said several improvements.

After the expiration of the 30 days allowed by law, during which the owners of the property assessed had the privilege of paying the amounts of their respective assessments, the mayor and council provided by resolutions for the issuance of negotiable coupon bonds in the aggregate amount of such assessments then remaining unpaid, bearing interest at the rate of 6 per cent. per annum from date to maturity and after maturity until paid at the rate of 10 per cent. per annum. The amount of the bonds so authorized to be issued under the first contract being for $114,998.16; under the second, $130,854.44; and, under the third, $4,881.30. One-tenth of the amount of each series of bonds, with the interest upon the whole series to that date, was made payable on the 15th day of September, 1910, and one-tenth thereof, with the yearly interest upon the whole amount remaining unpaid, was made payable on the 15th day of September in each year succeeding until all had matured. The said bonds were turned over and delivered to the contractor at par value in payment of the amount due him on his several contracts, and the same were subsequently transferred by him to the plaintiff in error, Wm. Mackenzie.

The law provides that the assessments on the property benefited shall be payable in 10 equal annual installments, and shall bear interest at the rate of 7 per cent. per annum. Chapter 10, § 5, Sess. Laws 1907-08, p. 173. The first installments, together with interest to that date upon the whole amount due, by the terms of the assessing ordinance, were payable on the 1st day of September, 1910, and one installment becoming due with the yearly interest on the amounts remaining unpaid, on the 1st day of September in each succeeding year until all had matured. The

act further provided that, in case any assessment should not be paid when due, the assessment so matured and unpaid should bear interest at the rate of 18 per cent. per annum until paid. Section 5, c. 10, Sess. Laws 1907-08. By section 6 of the act, it was provided that the assessments levied thereunder should be payable by the persons owing the same as the several installments become due, together with interest thereon, to the city clerk, who was authorized to issue receipts for such payments. The city clerk was required by said section to execute good and sufficient bond conditioned upon the faithful performance of the duties enjoined upon him as collector of said assessments. It was further made the duty of the city clerk to pay to the city treasurer daily the amount of such assessments collected by him, and the amount so collected and paid to the city treasurer constituting a separate fund to be used and applied to the payment of such bonds and interest thereon and for no other purpose. It was further made the duty of the city clerk promptly after the date of maturity of any installments of the assessment and interest, and on or before the 15th of September in each year, to certify such installment and the interest then due, to the county treasurer of the county, to be by the said county treasurer placed upon the delinquent tax list of said county for the current year and collected as other delinquent taxes.

After the work had been completed and the assessing ordinance finally passed and street improvement bonds delivered as aforesaid, the city council passed resolution directing the city clerk to collect interest at the rate of only 6 per cent. per annum upon the unpaid installments of the several assessments, instead of 7 per cent. as provided by statute. Pursuant to which resolutions the city clerk collected only 6 per cent. instead of 7 per cent. interest per annum, on the amount of the unpaid assessments. The difference between the interest so collected by the clerk and that which the statute provided should be collected amounted, as alleged by the plaintiff in error, to $8,235.12. The said city council on August 7, 1913, also passed a resolution remitting penalties that had accrued on delinquent installments of certain assessments for the year 1911 and 1912 on certain lots amounting to $26.47, pursuant to which the same was not collected.

The special fund derived from collections of the said assessments and interest thereon, to be used and applied to the payment of the said bonds, being insufficient to pay the

bonds and interest thereon then due by about $30 000, this action was commenced by the plaintiff in error against the city to recover judgment against it for the said sums of $8,-235.12 and $26.47 and interest thereon. The court below held that the city was not liable and rendered judgment accordingly. The plaintiff in error contends that—

"The city of Anadarko, having deliberately re.used to make collection of the full amount of the assessments levied for the payment of the bonds held by plaintiff, as it had agreed to do by the terms of its contract upon the bonds issued, it thereupon become liable to the owner of the bonds for the amount cf the damage suffered by him on occount of such failure."

The act under which the street improvement bonds were issued expressly provides that such bonds "shall in no event become a liability of the city issuing the same." The act further provides that the said bonds shall on the face thereof recite that—

"They are payable solely from assessments which have been levied upon the lots and tracts of land benefited by said improvements under authority of this act."

The bonds here so recite. Under the acts referred to, the city was not obligated to collect the special assessments. While, in the contracts for the construction of the improvements, the city council agreed that the city would cause not only a levy, but also the collection, of assessments against the property liable to same under the laws of the state, and while the bonds recite that the city of Anadarko undertakes to collect the assessments and pledged the faith and credit, revenue, and property of the city for the purpose of carrying out each stipulation contained in the bond, the city council had not the power to so obligate the city. The statutes of the state plainly provide the method for the collection of the assessments, and the city council had not the authority to make any stipulation, or enter into any obligation on behalf of the city with reference thereto. Neither did the city council have the power to reduce the rate of interest prescribed by statute and authorize the collection of interest at a less rate, or to remit penalties accrued on delinquent installments, and the resolutions passed by them so providing were ultra vires and void. In City of El Reno v. Cleveland Trinidad Paving Co., 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650, this court held that the city council had not the power to repeal an assessing ordinance, from which it necessarily follows that the city council could not remit any part of an as-

sessment, or the interest due thereon, or penalties accrued upon delinquent installments. Notwithstanding such void resolutions of the city council, it was the duty of the city clerk, as prescribed by statute, to collect interest at the rate of 7 per cent. per annum and to certify delinquent assessments to the county treasurer, whose duty it then became to collect the amount of the installments past due and interest and penalties thereon as other delinquent taxes are collected.

The city clerk could have been prevented at the suit of the holder of the bonds by injunction from collecting or accepting a less rate of interest than that provided by law, and could have been compelled by mandamus to certify the amount of delinquent installments and the interest then due at the rate prescribed by statute to the county treasurer for collection by him as other delinquent taxes. It is suggested that difficulties arising out of the lapse of time, the issuance of receipts stating full payment of installments of the assessments and interest thereon to many who have paid less than was due, and the certification by the city clerk to the county treasurer from time to time of less than the amount due on delinquent installments and for interest, will at this time prevent the collection of the amounts due from the owners of the property, or enforcement of the lien thereon. Whether the plaintiff in error can now compel the collection by the proper officers of the balance of the amounts lawfully due, or enforce the lien for the same against the property, or whether the officers, who failed in their duty to collect in full or certify the correct amount due on the delinquent installments to the county treasurer, are liable on their bonds to the plaintiff in error, are questions not now before the court, and on which we therefore express no opinion. However this may be, we are clearly of the opinion that the city is not liable for the mistake of the officers charged by statute with the duty of collecting the assessments and interest thereon.

If the city is required to pay the amount of the difference between the interest which was collected and that which should have been collected, and of the penalty which the council undertook to remit, the effect would be to establish a general liability against the city for the neglect, default, or mistake of the officers whose duty it is under the law to collect and enforce payment of the special assessments. The city would thus become the guarantor of the collection of the assessments and interest thereon, and hence of the

payment of the bonds, while as said by this court in City of El Reno v. Cleveland-Trinidad Paving Co., supra:

"The street improvement act provides expressly that the bonds issued by the city shall not pledge the faith and credit of the city nor be collected from it otherwise than by the collection of the assessments imposed by the assessing ordinance."

See, also, Conway v. City of Chicago, 237 Ill. 128, 86 N. E. 619; Fletcher v. City of Oshkosh, 18 Wis. 228; City of Pontiac v. Talbot Paving Co., 94 Fed. 65, 36 C. C. A. 88, 48 L. R. A. 326.

After the court had sustained an objection to the introduction of any testimony for the reason that under the allegations in the petition and the agreed statement of facts, the plaintiff was not entitled to recover, the plaintiff in error asked leave to amend his petition and allege that in 1910 the city actually collected interest at the rate of 7 per cent. and afterwards rebated 1 per cent. to the taxpayers. An objection to this amendment was sustained by the court. In this action of the court we perceive no error. While the court may, before or after judgment, in the furtherance of justice, amend any pleading to conform to the facts proved (section 4790, Rev. Laws 1910); yet as a general rule the allowance of such amendment is in the sound judicial discretion of the court. Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912C, 659. It does not appear to us that the court abused its discretion, and, moreover, it does not appear that there was any evidence tending to prove that any part of the special funds had been rebated to the taxpayers after they had been collected by the city clerk.

The judgment of the trial court is affirmed.

All the Justices concur, except TURNER and BRETT, JJ., absent and not participating.