## WALKER v. VON WEDEL.

No. 14533—Opinion Filed June 2, 1925.

(Syllabus.)

1. **Pleading—Judgment on Pleadings —Nature and Effect of Motion.**

A motion for judgment on the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well-pleaded facts in the pleadings of the opposing party. It may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment to the party who, on the whole, appears entitled to it. Deming Investment Co. v. Reed et ux., 72 Okla. 112, 179 Pac. 35.

2. **Physicians and Surgeons—Damages from Unskillful Operation — Sufficiency of Petition which Admits Receipt of Benefits by Plaintiff Under Workmen's Compensation Law.**

Where the plaintiff was an employe and received an injury and her employer undertook to provide medical treatment for her, as provided by the Workmen's Compensation Act and the plaintiff brings an action against the physician who undertook to administer to plaintiff medical treatment, and the plaintiff alleges in her petition that the acts of the physician were maliciously performed in an unskillful manner, which resulted in the unnecessary bodily suffering and mental anguish of the plaintiff, and for which suffering and mental anguish the plaintiff is not entitled to recover compensation therefor under the Workmen's Compensation Act. held, that the petition states a cause of action although the pleadings of the plaintiff admit that the plaintiff was awarded compensation by the State Industrial Commission, and thereafter received such award on account of the original injury to plaintiff.

3. **Same — Judgment for Defendant on Pleadings Reversed.**

Record examined, and held, error to render judgment on pleadings in favor of the defendant.

Error from District Court Oklahoma County: George W. Clark, Judge.

Action by Mrs. Carrie Walker against Dr. C. Von Wedel. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Morgan & Osmond, for plaintiff in error.

Ross & Thurman, for defendant in error.

LESTER, J. The plaintiff commenced this action in the district court of Oklahoma county, Okla., by filing her petition, in which she alleged that she was an employe of the Anadarko Steam Laundry, located at Anadarko Okla., and while engaged in her duties as such employe her right hand was caught in the machinery of said laundry and her hand and fingers thereof were severely bruised and injured. That the said Anadarko Steam Laundry was insured and indemnified against such injuries by and through what is known as the Associated Employers' Reciprocal, as insurance carrier; that soon after said injury the said Anadarko Steam Laundry and the said insurance carrier, by its agents, caused the plaintiff to come to Oklahoma City for the purpose of examination and treatment by their medical employe; that pursuant thereto, the plaintiff received medical treatment from the defendant, Dr. C. Von Wedel a duly licensed physician and surgeon, and an employe of the Anadarko Steam Laundry and its insurance carrier. Plaintiff further stated and alleged in her petition that the defendant caused the plaintiff to be placed upon an operating table, whereupon the defendant placed the plaintiff under the influence of anaesthetics, and while under the influence

of anaesthetics and unconscious, said defendant, without the knowledge or assent of plaintiff, forcibly bent the fingers of plaintiff's right hand backward and bandaged same on a board of some sort.

Plaintiff further alleged in her petition the following:

"(5) Plaintiff states that she was discharged from said hospital by defendant on or about November 8, 1920, but, at the instance and demands of defendant, returned for examination and treatment to said defendant at various times until on or about December 21 1920, she was dismissed entirely by defendant.

"(6) Plaintiff further states that immediately after the bending backward or straightening of her injured fingers, as aforesaid, by defendant, her physical pain greatly increased and extended to and constantly affected her right hand and fingers, right arm and shoulder; that she could not obtain rest from sleep and suffered an almost complete physical and nervous collapse; that her pains constantly increased in magnitude until on February 12, 1921, she had the injured fingers aforesaid amputated and secured release from her great physical and mental suffering and pain.

"(7) Plaintiff further states that defendant so conducted himself in and about his treatment of plaintiff's injury, so unskillfully, negligently and unprofessionally, that by reason of such improper treatment and unskillful and negligent conduct of the defendant, that said injured hand and fingers were not and could not by such treatment be cured and directly caused the great physical and mental pain and suffering of plaintiff as aforesaid. Plaintiff states, further, that she believes and alleges that the treatment of said injured hand and fingers by defendant, as aforesaid, was done deliberately and with no thought as to saving plaintiff such suffering and was done for the express and deliberate purpose and intention of preventing plaintiff from recovering the statutory award for loss of a hand, by the State Industrial Commission of Oklahoma, as against the said insurance carrier represented by defendant, which would have been greater than the statutory award for loss of fingers alone and that the treatment of said injury by defendant was malicious and in utter disregard of his professional duty towards plaintiff herein."

The plaintiff, for and on account of the suffering and mental anguish caused by the acts of the defendant, alleged that she was thereby damaged in the sum of $20,000, and prayed for judgment in that amount.

The defendant filed his answer, in which he stated that he gave to the plaintiff the benefit of conscientious, faithful, diligent, and skillful treatment and that his treatment of the plaintiff's injuries were successful and that her condition yielded as fully and completely to the treatment which the defendant accorded plaintiff as could be reasonably expected. That the plaintiff was an employe of the Anadarko Steam Laundry; that while she was engaged in its employment her injuries arose out of and in the course of her employment in said laundry and that the plaintiff presented herself for treatment to the defendant, and that thereafter the plaintiff was fully compensated for all damages sustained by her by reason of the injuries received while she was employed and that the plaintiff thereby is precluded from maintaining this action against the defendant.

Plaintiff filed a reply to the answer of defendant, in which she admitted that she received the sums of money from an award made by the Industrial Commission, and that same was received because of the injuries occurring to plaintiff while in the employ of the Anadarko Steam Laundry.

Defendant filed his motion for judgment on the pleadings; said motion was by the court sustained and judgment rendered thereon, from which judgment the plaintiff prosecutes this appeal.

In the case of Deming Investment Co. v. Reed et ux., 72 Okla 112, 179 Pac. 35, it is said:

"A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings, and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well-pleaded facts in the pleadings of the opposing party. It may be carried back and sustained against a prior pleading of the party making the motion and the court will consider the whole record and give judgment to the party who, on the whole, appears entitled to it."

Upon examination of the pleadings filed in said cause we find that the plaintiff stated that she was an employe of the Anadarko Steam Laundry; that while in such employment her injury arose out of the duties to which she was assigned as such employe, and that she was thereafter directed by her employers to report to the defendant for medical treatment; that while under the influence of anaesthetics and unconscious, the defendant maliciously, unskillfully, negligently, and unprofessionally bent the fingers of plaintiff's hand backward, and

plaintiff thereafter suffered greatly by reason and on account of the treatment administered her by the defendant; that such suffering was so intense that she could not rest or sleep, and as a result therefrom she experienced almost a complete breakdown, and that thereafter, on account of such suffering and intense pain, it was necessary to amputate the said bruised and mangled fingers from the hand. That the treatment of said injuries by the defendant was malicious and in utter disregard of the defendant's professional duties toward plaintiff, and that such acts on the part of defendant were done and performed deliberately with no thought as to saving plaintiff from such suffering and were done for the express and deliberate purpose and intent of preventing her from recovering the statutory award for the loss of her hand.

The answer of defendant sets up that the Industrial Commission made its award to the plaintiff for the purpose of covering and did cover the damage which the plaintiff sustained on account of the injuries received by her while in the employment of the Anadarko Steam Laundry, and was for the same injuries and disorders and disabilities in all respects for which the defendant treated plaintiff. Plaintiff filed a reply, in which she admitted that she received the sums of money awarded by the Industrial Commission, as set forth in the defendant's answer, and that same was received because of the injury received by plaintiff while in the employ of the Anadarko Steam Laundry.

The motion for judgment on the pleadings admitted the truth of all well-pleaded facts in the petition of the plaintiff. The State Industrial Commission had complete and exclusive jurisdiction over the claim arising out of the injury to the plaintiff while in due course of her employment, and we are now confronted with the question as to whether, the Industrial Commission having exclusive jurisdiction over the original injury to plaintiff, the plaintiff herein can maintain an action against the defendant for and on account of what she alleged was a malicious, unskillful, and unprofessional act of the physician, which caused the plaintiff, who was a patient of such physician, greater pain and suffering than if the patient had been treated in the usual and skillful manner by the physician.

The attention of the court has been called to the case of Brown v. Sinclair Refining Company, 86 Okla. 143, 206 Pac. 1042, and also the case of Booth & Flynn v. Cook et al., 79 Okla. 280, 193 Pac. 36. We leave examined these cases and we do not think that the facts therein are similar to the facts set forth in the plaintiff's petition, and therefore the principles announced in those cases are distinguishable from the law to be applied to the facts in the case at bar.

It is true that in the ordinary treatment of injuries where the patient's disability is prolonged or accentuated by the unskillful and unprofessional acts of the physician, the employer who selects such physician is liable to the employe for such increased disability resulting from the acts of the physician in the ordinary course of treating the injury. But where it is alleged that the acts of the physician in treating the patient are maliciously done with a wrongful intent of producing a condition seriously injurious to such patient, and such malicious acts are not within the contemplation of his employment, neither are they in contemplation of the Workmen's Compensation Act, such as would preclude the patient from recovering from his physician on account of such malicious acts and unprofessional conduct. It may be probable that the plaintiff cannot substantiate the facts alleged in her petition upon trial of this cause, but we are dealing only with the effect of the alleged acts as stated in the plaintiff's petition as to her right to recover. The schedule of compensation fixed by the Workmen's Compensation Act is based upon the extent of disability by reason of injury to the body of the person or its members thereof. No specific compensation is fixed for bodily suffering or mental anguish resulting therefrom. It is true that such suffering may be an incident of the injury and may enter into and prolong the disability of the injured party, but for such suffering only, they are not permitted to recover compensation. So, if bodily suffering and mental anguish are not within the schedule of injuries under the Workmen's Compensation Act, for which a person may be entitled to compensation, then on account of the independent acts of another person wrongfully and maliciously committed against the employe to their hurt and injury, and for which they are not permitted to recover compensation under the Workmen's Compensation Act, why should not such employe be allowed to recover for such independent and wrongful acts of such tort-feasor? If this was not permitted, the injured party would suffer a wrong without a remedy. Bodily suffering and mental anguish when wrongfully imposed upon one by another, is a subject of recovery against the wrongdoer.

Upon giving to the Workmen's Compensa-

tion Act its full import as to its jurisdiction over an injured employe, we are unable to construe such act as an inhibition against the employe's right of action against the physician whose acts are alleged to be of a malicious nature and done solely for the purpose, as the plaintiff alleged, of protecting the employers from certain liability.

Judgment of the trial court is therefore reversed, and remanded, with directions to proceed in said cause in accordance with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 Cyc. p. 606. (2) Workmen's Compensation Acts, C. J. p. 143 (1926 Anno.) (3) 31 Cyc. p. 608.