## FERRELL v. TOWN OF MOUNTAIN VIEW.

No. 17534. Opinion Filed Sept. 27, 1927.

Rehearing Denied Nov. 1, 1927.

(Syllabus.)

1. Pleading—Nature and Effect of Motion for Judgment on Pleadings.

A motion for judgment upon the pleadings is in the nature of a demurrer, and, like a demurrer, it admits the truth of all well-pleaded facts in the pleadings of the opposing party.

2. Municipal Corporations—Duty of Town Treasurer to Turn Over Funds to Successor.

It is the duty of a town treasurer to turn over to his successor, when qualified, all money in his possession belonging to said town.

3. Same—Independent Responsibility of Town Treasurer as Custodian of Funds.

The town treasurer is the proper custodian of the town's funds, and as such, in the absence of statutory or city charter provisions, acts upon his own responsibility and independently of the board of trustees in so far as the keeping of said funds is concerned.

4. Same—Liability of Retiring Treasurer for Funds Lost in Failing Bank.

Where a retiring town treasurer tenders to his successor in office certificates of deposit for the funds of the town held by him, which his successor refuses to accept and on which payment is not made, held, the retiring treasurer is not relieved from liability for a loss of said funds caused by a subsequent failure of the bank issuing said certificates.

5. Same—Liability of Treasurer Though Funds Invested in Certificates of Deposit at Direction of Town Board.

Where funds of a town which the treasurer has invested in certificates of deposit are lost by reason of the failure of the bank issuing same, the treasurer is liable to the town therefor, although said funds were so invested under direction of the town board of trustees.

Error from District Court, Kiowa County; E. L. Mitchell, Judge.

Action by the Town of Mountain View against John Ferrell. Judgment for plaintiff, and defendant appeals. Affirmed.

George L. Zink, for plaintiff in error.

George W. Martin and E. V. Rakestraw, for defendant in error.

MASON, V. C. J. This action was commenced by the town of Mountain View, Okla., a municipal corporation, to recover the sum of $27,827.96 from John Ferrell, the plaintiff in error herein. For convenience, the parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

Plaintiff alleged in its petition that for several years prior to May 1, 1923, the defendant was the treasurer of the town of Mountain View, and, as such official, had in his charge all the money and funds of said town; that on said date, defendant's term as such town treasurer expired and he was succeeded by one Floyd Eaton; that on said date, the defendant had in his possession and under his charge as such official, money belonging to and being the property of the plaintiff in the sum of $27,827.96; that defendant refused to deliver the same or any part thereof to the plaintiff though due demand therefor had been made by the plaintiff.

The defendant filed answer in which he took up different items which totaled the amount sued for and alleged why he should not be held liable therefor. One of the items, in the amount of $17,527.60, was the amount the defendant, as treasurer of said town, held in the sinking funds of the town. The defendant alleged that he should not be held liable for this item for the reason that on the 2nd day of April, 1923, the board of trustees of said town examined the books, accounts, and vouchers of the defendant as treasurer of the town of Mountain View and found that he had a balance belonging to the sinking fund of said town in the amount of $17,527.60, and that thereupon said board of trustees, at a regular meeting of said board, by resolution, authorized, directed, and instructed said defendant, as treasurer, to invest said funds in time certificates of deposit in the Bank of Mountain View, which the defendant did pursuant to said resolution, after which he reported his action to said board, which directed him to hold said certificates of deposit; that thereafter, on the first Monday in May, 1923, at the time his successor qualified, the defendant, John Ferrell, tendered to Floyd Eaton, as treasurer of said town, said certificates of deposit, which were taken by the said Eaton, who, a day or two afterwards, returned them to the defendant at his place of business with the statement that the new board of trustees refused to accept such certificates of deposit. The defendant then alleged that he was discharged from liability by reason of the act of said board of trustees in

directing him to invest said funds in such cer.ificates of deposit, and the defendant further alleged that he did all within his power to deliver said certificates of deposit to the proper officia.s of said town, and that if any loss occurred by reason of the failure of the Bank of Mountain View, which bank was taken over by the Bank Commissioner of the state of Oklahoma on the 26th day of July, 1923, such loss was occasioned by the action of said trustees and not by any fault or neglect on the part of the defendant.

Thereafter, the plaintiff filed a motion waiving all claims against the defendant, except said sum of $17,527.60, above referred to, and the sum of $5,616.46, mentioned in another item, and moved for judgment on the pleadings for said amounts. The court overruled said motion as to the item of $5,616.46, but sustained it as to the other item, and rendered judgment for the plaintiff in the sum of $17,527.60, from which the defendant has duly perfected his appeal.

For reversal, the plaintiff in error assigns several assignments of error, which he has grouped in his brief under two defenses as follows:

"First Defense. Where the board of trustees of a town selects a depository and directs the treasurer to keep its funds in the institution selected by it, the town, and not the treasurer, assumes responsibility for the integrity and solvency of the institution so selected.

"Second Defense. That, under the facts set forth, John Ferrell, as treasurer, having on the first Monday in May, 1923, tendered the certificates of deposit to his successor in office, who took office on that day, and having done all that was within his power to deliver the certificates of deposit to the proper officer of the town of Mountain View, that if any loss was sustained by reason of the failure of the Bank of Mountain View, which bank was taken over by the Bank Commissioner of the state of Oklahoma on the 26th day of July, 1923 long after the term of office of the defendant, John Ferrell, had expired, and long after his successor had been elected and qualified as treasurer of such town, such loss was occasioned by the negligence of the then treasurer of the town of Mountain View and its other officers, and not by any fault or negligence or laches on the part of the defendant."

A motion for judgment upon the pleadings is in the nature of a demurrer. and. like a demurrer, it admits the truth of all well-pleaded facts in the pleadings of the opposing party. State ex rel. Commissioners of Land Office v. Wilson et al., 124 Ok.a. 236, 254 Pac. 968; Deming Investment Co. v. Reed, 72 Okla. 112, 179 Pac. 35; Walker v. Von Wedel, 108 Okla. 292, 237 Pac. 86. Therefore, in reviewing the judgment of the trial court we will consider the allegations of defendant's answer as true.

Does the fact that the board of trustees of said town authorized and directed the defendant, as treasurer, to invest said funds in certificates of deposit of the Bank of Moun.ain View release the treasurer from his obligation to pay over said money at the end of his term of office, said bank having failed? This depends upon the power of said board to make the order in question; for, if the board had no power to make the order, it was a nullity, and the defendant, as treasurer, was not bound to obey it, nor does it furnish him any legal ground of discharge from his obligation.

In our opinion, a town treasurer is the proper custodian of the town's funds and he is an officer who acts upon his own responsibi.ity and independently of the board of trustees of the town, so far as the keeping of the funds of the town is concerned. We have examined the provisions of the statutes relative to the powers and duties of the board of trustees, but none of them give the board power to direct the treasurer where or in what manner the funds shall be kept or invested. If the board could make an imperative order on him to invest them in certificates of deposit of a certain bank, it could make an order that he keep them in a private safe or place them elsewhere, as the fancy of the board might dictate, regardless of their safety. If the board could require him to invest said funds in certain certificates of deposit and thereby take from him the necessity of exercising his own discretion and prudence in the matter. and relieve him of such responsibility, it might require him to deliver said funds to the board, which would become custodian thereof, although the members of said board are not required by statute to give a bond.

Under the provisions of section 4776 C. O. S. 1921, the town treasurer, however, is required to give a bond for double the amount of the estimated tax duplicate for the current year, and he is required by section 4777, C. O. S. 1921, to deliver to his successor. when qualified. all money or other property belonging to the corporation.

These provisions were enacted by the Legislature to properly preserve and protect the town's funds. Public moneys raised by

taxation are needed for the purposes for which they are collected, and, the law intends that they shall be safely guarded for that purpose.

We must conclude that the board of trustees had no authority to make a binding order on the treasurer to invest said funds in such certificates of deposit. It was, therefore, optional with him to keep or invest them, as he saw fit; but, by investing them in said, manner, he took upon himself the risk of their safety as effectually as if no such order had been made. The board of trustees could not, by such an unauthorized order or resolution, bind the town and release the treasurer from liability.

Counsel for plaintiff in error cite the case of State ex rel. v. McCloud, 64 Okla. 126, 166 Pac. 1065. This case is not applicable here, as it is based upon a special statute which requires county treasurers to deposit the funds of their county in banks designated by the county commissioners. Said case, however, is analogous to the instant case in that the opinion does hold that the county treasurer shall be liable for the loss of all funds deposited in such a bank in excess of the limit prescribed or authorized by the board of county commisioners. Plaintiff also cites the case of Stephens v. City of Ludlow (Ky.) 169 S. W. 473, and the case of Commonwealth v. Godshaw (Ky.) 17 S. W. 737. The facts in these cases seem to be very similar to those in the instant case, and the rule therein announced is as contended for by the plaintiff in error herein, but the opinions disclose that they are based upon statutory provisions which authorize the city counsel to prescribe the duties of the treasurer by ordinance. The validity of such an ordinance was involved therein.

The second defense relied upon by plaintiff in error is also without merit. It is true the defendant pleads that he delivered said certificates of deposit to his successor in office, but he also pleads that his successor refused to accept them as the funds of the town of Mountain View and returned them upon instructions from the board of trustees. Nor, in our opinion, would delivery of these certificates, if made, constitute payment of the funds represented thereby any more than the delivery of any other evidence of indebtedness or order for the payment of money on which payment

was not made. It was the duty of the defendant to pay all money and, property belonging to the town of Mountain View over to his successor when he qualified, and it was not sufficient to deliver an order for said money which may have been worthless.

Counsel for plaintiff in error cites the case of City of Lansing v. Wood, 23 N. W. 769, wherein the Supreme Court of Michigan said:

"In an action on the bond of treasurer of the city of Lansing for failure to pay over moneys received by him during his official term, evidence that the city counsel ratified the act of such treasurer in turning over to his successor, as money, certificates of deposit in a bank that afterwards failed, is admissible."

The rule therein announced is not applicable here, as an examination of the opinion in that case discloses that it was based upon provisions of the city charter of Lansing, which, in addition to other powers, conferred upon the city counsel the power of management and, control of the finances and all other property belonging to the city. The city counsel, therefore, had authority to control the city's money held by the treasurer, and having such authority, could ratify any unauthorized disposition thereof by the treasurer. The board of trustees had no such authority in the instant case.

Furthermore, the rule there announced is not applicable to the instant case for the reason that the defendant pleaded in his answer that the trustees of the town of Mountain View refused to accept such certificates of deposit.

We must conclude that the contentions of the plaintiff in error are without merit, and that the facts pleaded in his answer and relied upon herein do not constitute a defense to the plaintiff's cause of action, and that the trial court did not err in sustaining plaintiff's motion for judgment on the pleadings.

The judgment of the trial court is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 31 Cyc. p. 606; 21 R. C. L. p. 594. (2) 38 Cyc. p. 630. (3) 38 Cyc. p. 654 (4) 38 Cyc. p. 629. (5) 38 Cyc. p. 629