## CENTURY LIFE INSURANCE CO. v. COUNTS.

No. 22996. Oct. 2, 1934.

Chandler & Turnage and E. Richards, for plaintiff in error.

Lillard, Gibbons & Wheeling, for defendant in error.

PER CURIAM. In this case the plaintiff in error was defendant and the defendant in error was plaintiff in the trial court. A tury Life Insurance Company. Judgment for the court was for the plaintiff. The suit was based upon an insurance policy, in which the defendant was named insurer, Nute Counts, husband of plaintiff, the insured, and plaintiff the beneficiary. Defendant in its brief presents three propositions as grounds for reversal:

First: Error of trial court in not giving judgment for defendant upon its motion for judgment upon the pleadings.

Second: Error in admitting certain evidence over its objections and in rejecting certain evidence offered by it.

Third: That the judgment of the trial court is contrary to the evidence and contrary to law.

We will take these propositions up in their order. The pleadings consist of the petition, the answer, and the reply. A casual reading of them discloses that plaintiff seeks to recover upon a policy issued, delivered, and paid for by the insured during his lifetime; that the defendant contends that the policy was never accepted by the insured; that the insured made written application for insurance in the sum of $2,000, which was refused; that an offer was made to insure him for $1,000; that the insured refused the insurance for $1,000, and refused to pay the premium; that after his death, which occurred the day following the alleged delivery of the policy, plaintiff entered into a corrupt agreement with the agent of defendant to defraud the defendant out of the amount of the insurance. Plaintiff in her reply denies the allegations of the answer and pleads

estoppel. In support of its contention defendant in its brief says: .

"Where a motion is presented to a court for judgment upon the pleadings, the movant admits all of the facts pleaded by his opponent, the proof of every fact well pleaded, and the untruth of his own allegations which have been denied", and cites in support thereof Hurie v. Quigg, 121 Okla. 80, 247 P. 677; Cardin Building Co. v. Smith, 125 Okla. 300, 258 P. 910; White v. Knox, 126 Okla. 124, 258 P. 889; Inter-State Mfg. Trust Co. v. Duke Poor Buffalo, 127 Okla. 269, 260 P. 768; Ferrell v. Town of Mountain View, 127 Okla. 246, 260 P. 470.

We find no fault with this statement of the law, but it does not sustain defendant's contentions. The above authorities likewise support the proposition that a judgment on the pleadings is proper only when there is no material issue of fact presented by the pleadings. The material question of fact in this case was whether or not the policy in question was ever delivered to and accepted by the insured, and this issue is presented by the pleadings. In connection with its first proposition, defendant contends in its brief that the petition of plaintiff did not state facts sufficient to entitle plaintiff to any relief. The record does not show that the defendant challenged the sufficiency of the petition by demurrer. Its motion for judgment on the pleading was dictated into the record just before starting into trial. We do not think that under the state of the record the motion for judgment on the pleadings requires that the sufficiency of the petition be passed upon, but will say that under the authority of the case of North Carolina Mutual Life Insurance Co. v. White, 130 Okla. 118, 265 P. 642, the petition of plaintiff states a cause of action. The trial court properly overruled the motion for judgment upon the pleadings.

In arguing its second proposition the chief contention of the defendant is that the policy of insurance sued on should not have been admitted in evidence, for the reason that the application, a copy of which was attached to the policy, did not appear to have been signed by Nute Counts, and for authority relies on section 6728, C. O. S. 1921, which reads as follows:

"Provided, further, that every policy which contains a reference to the application of the insured * * * must have attached thereto a correct copy of the application and un'ess so attached the same shall not be considered a part of the policy or received in evidence."

In this connection it is well to state that the application originally signed by Nute Counts was for $2,000. The amount was scratched out and $1,000 inserted. When, by whom, or under what circumstances this change was made, the evidence fails to disclose. An exact copy of the application, with the changed amount, but omitting to copy the signature, was attached to the policy. We think that a proper construction of this statute is that in order for the application itself to be considered a part of the policy, or to be admitted in evidence, it must be attached to the policy. We see nothing in this statute that would relieve the insurance company of liability on a policy issued and delivered to an insured even though the copy of the application is omitted. Certainly the statute does not say that the policy itself cannot be introduced in evidence. But we cannot say from the record in this case that a copy of the application was not attached. True, the signature was omitted, but the defendant made the copy, and consequently is not in a position to complain. As to the other features of this second proposition, defendant cites no authority in support thereof. This court has repeatedly said that assignments of error presented by counsel in their brief, if unsupported by authority, will not be noticed on appeal, unless it is apparent without further research that they are well taken. Jennings v. Jennings, 95 Okla. 90, 218 P. 703.

Similarly a plausible but not convincing argument in a brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the judgment of the trial court. Blue v. Garvin County Board of Com'rs, 82 Okla. 178, 198 P. 850.

As to the third proposition presented in the brief, this court is so well committed to the proposition that no authority need be cited, that where disputed questions of fact in a law case are submitted to a trial court, in the absence of a jury, the finding and judgment of such trial court will not be disturbed on appeal if there is any competent evidence reasonably tending to support the same. The trial court heard and saw the witnesses. We have read the testimony. The statement of the proof as set out in defendant's brief shows that under the above rule the evidence is sufficient to sustain the judgment, and for that reason we deem it unnecessary to incumber this record with a recitation of the facts in this case.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid

of District Judge Eugene Rice, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.