REAL ESTATE LAND, TITLE & TRUST CO. et al. v. TOWN OF FAIRFAX, OKL.

No. 1952.

District Court, N. D. Oklahoma.
July 1, 1935.

Shirk, Danner & Earnheart and G. A. Paul, all of Oklahoma City, Okl., for plaintiffs.

Walter L. Gray, of Fairfax, Okl., and H. W. Conyers and H. R. Duncan, both of Tulsa, Okl., for defendant.

D. E. Foley, Town Atty., of Fairfax, Okl., amicus curiæ.

FRANKLIN E. KENNAMER, District Judge.

The town of Fairfax issued certain street improvement bonds, in district No. 1. Assessments were made against the property in the district, and assessments were collected from various owners of property, in the total sum of $160,759.32. The amount of such assessments was paid by the city clerk, or the county treasurer of Osage county, Okl., to one C. E. Ashbrook, who was the duly elected, qualified, and acting treasurer of the town of Fairfax. Ashbrook retired certain bonds, but absconded or made defalcation of the sum of $29,863.08 out of the moneys delivered to him by the city clerk and county treasurer. The case presents a situation in which statutory assessments had been made, and payments of assessments were collected by the proper officials, to wit, the city clerk and the county treasurer, and were turned over to the treasurer of the town of Fairfax, in accordance with the laws of Oklahoma. The lien against the property in the district has been discharged by payment of the assessments by the property owners; the funds have come into the hands of the town treasurer, who has made default. The evidence is that Ashbrook, treasurer of the town of Fairfax, absconded with funds of the city, as well as with the funds herein sued for, and that the town of Fairfax instituted an action against the sureties on the bond of Ashbrook, and obtained a judgment, not only for funds of the town, but also for the funds collected by Ashbrook upon the assessments for the retirement of the bonds involved in this action. The only question presented is whether the town of Fairfax is liable, either upon the bonds or for the acts of its treasurer in absconding with the funds.

It is well established that the town of Fairfax is not liable upon the bonds; such improvement bonds are payable from the assessments which have been levied upon the lots and tracts of land benefited by the improvement, and included in the improvement district. Section 6237, O. S. 1931, in providing for the issuance of special improvement bonds, states: " * * * Which bonds shall in no event become a liability of the city or town issuing the same * * * and that they are payable from the assessments which have been levied upon the lots and tracts of land benefited by said improvement."

In cases involving facts different from those here presented, the Oklahoma Supreme Court has held municipalities of this state not liable upon such improvement bonds. See State ex rel. Southern Surety Co. v. Armstrong, County Clerk, 158 Okl. 290, 13 P.(2d) 198; Mackenzie v. City of Anadarko, 72 Okl. 90, 178 P. 483. See, also, Moore v. City of Nampa (C. C. A.) 18 F.(2d) 860; Life & Casualty Insurance Co. v. City of Florala (C. C. A.) 63 F.(2d) 195.

It is insisted that this action is not predicated upon special improvement bonds, but is an action to recover funds intrusted to the town treasurer, who absconded or defaulted. It is urged that the town treasurer is an agent of the town of Fairfax, and that the defendant is liable for the default of such agent. The question is one involving the liability of a city or town for delinquencies of its treasurer in connection with special improvement bonds. The Circuit Court of Appeals for the Tenth Circuit remarked that this question was "fraught with difficulty and clouded by a maze of conflicting decisions." See Powell v. City of Ada, 61 F.(2d) 283, 285. The question involved in the cited case was the reassessing of improvements against property subject to the assessment, where restricted Indian land in the district was illegally assessed. It was held that the holder of the street improvement bonds could not sue the city for damages in such case, but was relegated to the right of mandamus. However, many decisions are collected in the cited case dealing with the matter of liability where the city has taken action to render assessments void or uncollectable. In the instant case, the assessments have not been rendered void or uncollectable, but have been collected, and the question presented in this case is different from those involved in the cited case. The Oklahoma Supreme Court has held that a city is not liable in an action for damages because its officers have failed to do their duty in certifying the delinquent assessments to the county treasurer. State ex rel. Southern Surety Co. v. Armstrong,

County Clerk, supra. It has also been held that a city is not liable to the holder of bonds for unauthorized reduction by resolution of the city council in the rate of interest prescribed by law to be paid upon deferred installments of such assessments, or unauthorized rebates or penalties accrued on delinquent installments. Mackenzie v. City of Anadarko, supra.

As stated above, no case has been presented involving the facts herein. We must discover whether the town treasurer of Fairfax was such an agent of the town as to render it liable for his defalcation. In Ferrell v. Town of Mountain View, 127 Okl. 246, 260 P. 470, the Supreme Court of Oklahoma held that a town treasurer in Oklahoma is an officer who acts upon his own responsibility, and independent of the board of trustees of the town, so far as the keeping of the funds of the town is concerned. It was held that under the statutes of Oklahoma, the board of trustees of the town is not empowered to direct the treasurer where or in what manner he shall keep or invest the funds coming into his possession. His duties are thus prescribed by law, and it is my view that the town is not responsible for his acts. See 19 R. C. L. § 390. The town treasurer in Oklahoma does not act for its benefit and neither does he act under its direction or control.

The Supreme Court of Oklahoma, in State ex rel. Southern Surety Co. v. Armstrong, supra, stated that the duty of a town treasurer is merely to act as the agent or instrumentality for the bondholder in the collection and disbursement of the funds so collected. The remedy of the bondholder is against the officer, or town treasurer.

If plaintiffs are to prevail in this action, a special improvement bond will be converted into a general obligation of the town, and property owners who have paid for paving abutting their property, or who are not within the improvement district and whose property is not benefited by such improvements, will be required to pay for the improvements abutting the property of others. This is contrary to the statutes of Oklahoma, and is counter to the plan and theory of special assessments for particular improvements. If a city is not liable for failing to reassess property in an improvement district where assessments have illegally been made against restricted land, and if a city in Oklahoma is free from liability for damages in failing to certify the delinquent assessments to the county treasurer, it follows that the city should not be liable for the defaults of its town treasurer, aside from the fact that the town treasurer in Oklahoma is an officer who acts upon his own responsibility and independent of the board of trustees of the town. The defalcation of the town treasurer cannot convert the special improvement bonds into general obligations of the city, and to permit recovery in this case would have such an effect. It may be here observed that if the town succeeds in collecting any funds from the sureties upon the bond of the town treasurer, because of his default upon the special improvement bonds, such funds should be turned over to plaintiff.

Judgment may be entered for the defendant.