LEONARD et al. v. JOHNSON.

No. 30424. Sept. 22, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 823.*

434

Fred W. Martin, of Wagoner, and Fred Patrick, of Sapulpa, for plaintiffs in error.

T. L. Blakemore, of Sapulpa, for defendant in error.

CORN, V. C. J. This is an appeal from a judgment rendered in the district court of Creek county, in an action brought to cancel a tax certificate deed, eject defendant from the premises and quiet title in plaintiffs.

Plaintiffs alleged their ownership and right to the immediate possession of certain described lands in Creek county. The petition, and the amended petition, deraigned the title from the original allottee down to plaintiffs' immediate grantors, Ruth E. Simmons, nee Mainor, and Helen J. Pierce; and from them to plaintiffs by deed executed February 8, 1938, and filed for record March 1, 1938.

The petition alleged defendant was claiming some title or interest in the land by virtue of a certificate tax deed, based upon a tax certificate assigned to him by the county treasurer on December 17, 1934; and that said certificate deed was void by reason of defendant's failure to comply with the requirements of the statute in respect to securing of a certificate tax deed. By what was styled "cross-petition" the plaintiffs sought judgment against defendant for the reasonable rental value of this land from January 1, 1935.

Defendant's answer was a general denial, with the further plea that when

he secured his deed in 1935 he went into possession of the premises, and maintained open and notorious possession of same, and that for this reason plaintiffs' cause of action was barred by the statute of limitations provided for by 68 O. S. 1941 § 455, which provides that any action by a former owner, or one claiming under him, to recover possession of land conveyed by deed for nonpayment of taxes, must be brought within one year after the recording of such deed.

Two named defendants filed disclaimers of any interest in the action, and the court then heard the matter upon this defendant's motion for judgment on the pleadings. After such hearing the trial court rendered judgment for defendant upon his motion, and dismissed the action with prejudice, costs to plaintiffs. From this judgment plaintiffs have appealed.

Plaintiffs' petition alleged, in part, as follows:

"That said tax deed is further void for the reason that notice of intention to obtain said deed was not served as required by law upon Helen J. Pierce and Ruth E. Simmons, the record owners of said land and plaintiffs' grantors and legal notice of said intention to apply for a tax deed has never been made.

"That no personal service of notice of intention to apply for tax deed was ever served upon the owners of said land at any time.

"That no copy of printed notice by publication was ever mailed to said record owners nor was any affidavit ever filed with the county clerk of Creek county, Oklahoma, excusing the mailing of said notice.

"That the owner of said certificate, Cecil C. Johnson, did not and has not, at any time, filed with the county clerk of Creek county, Oklahoma, his proof of service with certificate attached, and, therefore, attempted service of notice in this case has never been completed and the time for redeeming the said property for taxes has not been terminated."

We have held that a motion for judgment on the pleadings is in the nature of a demurrer because it attacks the sufficiency of the pleadings. Orchid Shoppe v. Sherwood Shoe Co., 178 Okla. 177, 63 P. 2d 739. Further, a motion for judgment on the pleadings cannot properly be sustained where there is a material issue of fact presented by the pleadings. Century Life Ins. Co. v. Counts, 169 Okla. 127, 36 P. 2d 269; Lyons v. Lyons, 182 Okla. 108, 76 P. 2d 887.

Among other allegations in plaintiffs' petition it was alleged that the county treasurer wrongfully sold the property in question for one year's taxes when there were taxes due for many other years, and that defendant had wholly failed to comply with the statutory requirements in the securing of his certificate tax deed to the property.

Thus it is disclosed that there were presented to the court material allegations of fact, denied generally by the defendant. These questions of fact should have been determined by the trial court, and could not be disposed of upon a motion for judgment on the pleadings. We necessarily conclude that the trial court erred in sustaining defendant's motion for judgment on the pleadings, when the pleadings against which such motion was directed raised questions of fact which should have been determined.

The judgment is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and RILEY, J., absent.