## BROWN v. SINCLAIR REFINING CO.

No. 10619—Opinion Filed May 2, 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Exclusiveness of Remedy—Liability of Employer—Defenses.**

The Workmen's Compensation Act requires every employer engaged in conducting any of the enterprises therein mentioned, which are declared to be hazardous, to provide, as required by the act, compensation according to the schedule for the disability of his employes resulting from an accidental injury sustained by the employe arising out of and in the course of their employment. The liability prescribed is exclusive, except where the employer fails to secure the payment of the compensation for his injured employes. and upon such fail-

ure the injured employe may elect either to file his claim with the Industrial Commission, or he may sue in the court having jurisdiction of the subject-matter; and where the employe elects to bring his action in another tribunal, rather than before the Industrial Commission, the employer is not permitted to plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employe assumed the risk of his employment, or that the injury was due to the contributory negligence of the employe. But, where the employer has complied with the act on his part, then the jurisdiction of an action to recover damages for the personal injuries suffered by the employe, not resulting in death, is exclusively before the State Industrial Commission.

### 2. Same—Liability for Unskillfulness of Physicians.

Under the Workmen's Compensation Act, it is incumbent upon the employer to properly provide medical and surgical aid, and a schedule of compensation is adopted providing specific amounts of recovery for specific results of accidents. Held, the employer is liable for all legitimate consequences following the accident, including unskillfulness or error of judgment of the physician furnished as required, and the employe is entitled to recover under the schedule of compensation for the extent of his disability based upon the ultimate result of the accident regardless of the fact that the same has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician. And further, held, that the original jurisdiction of the State Industrial Commission of the state of Oklahoma in such cases is exclusive.

Error from District Court, Pawnee County; Frank Mathews, Judge.

Action by Miller Brown against the Sinclair Refining Company for damages for personal injuries. Judgment for defendant, and plaintiff brings error. Affirmed.

Walter Mathews, for plaintiff in error.

Ross & Thurman, Edward H. Chandler, and Summers Hardy, for defendant in error.

PITCHFORD, V. C. J. The plaintiff while in the employ of the defendant was engaged in painting a tank belonging to the defendant and, while so engaged, fell from a scaffold on which he was working, resulting in injuries to his left shoulder. After sustaining the injury, he was placed in a hospital in the city of Cushing. The defendant employed Dr. H. C. Manning to render medical aid and surgical treatment to the plaintiff. Thereafter, the defendant, through its insurance carrier, paid to the physician $51; for hospital bill, $54.25; for ambulance in conveying plaintiff to the hospital, the sum

of $3; for drugs, the sum of $2.50; and to Miss Margaret Jones for nursing, the sum of $43.

The plaintiff duly filed his claim for compensation with the State Industrial Commission, and the defendant, through its insurance carrier, paid to the plaintiff $70.31 compensation from September 18, 1916, to December 2, 1916, and the further sum of $7.21 compensation from December 3, 1916, to December 10, 1916, and paid to the defendant the sum of $257.68 in full settlement of any disability thereafter to accrue, which settlement was duly approved by the State Industrial Commission.

On the 2d day of July, 1917, plaintiff instituted the instant action against the defendant, in the district court of Pawnee county, Okla., seeking damages resulting from the negligence of the physician so employed to exercise reasonable and ordinary care in examining the injured shoulder of the plaintiff in order to ascertain the extent of the injury, and in failing to properly set or relocate the joints of the shoulder, alleging as the result of such neglect his shoulder became deformed, causing him total loss of his left arm and shoulder, and causing paralysis therefrom, and from which he suffered severe and excruciating pain. These allegations of negligence were specifically denied in defendant's answer.

After the plaintiff had introduced his evidence, the defendant demurred thereto, which demurrer was sustained. The jury was discharged and judgment rendered in favor of defendant for cost. The plaintiff prosecutes an appeal to this court.

For reversal, plaintiff relies upon two grounds: First, Does the district court have jurisdiction to entertain an action for damages for personal injuries occasioned by the negligence of the physician furnished by an employer pursuant to, and in treating his employe for injuries coming within the purview of the Workmen's Compensation Law? Second, Did the evidence introduced by the plaintiff make out a prima facie case in his behalf?

It is the contention of the plaintiff that the injuries resulting from the negligent or unskillful treatment by a physician, furnished by an employer pursuant to, and in treating his employe for injuries coming within the purview of the Workmen's Compensation Law, do not "arise out of and in the course of the employment" or "naturally and unavoidably result" from the original injury. And, further, that it being the mandatory duty of the employer to furnish

medical and surgical aid to his injured employe, the physician becomes the agent or servant of the employer, and the rule of respondeat superior applies, and the employer is therefore liable to the employe for injuries by reason of the maltreatment or negligence of the physician, and that the employe's only remedy would be by action in the ordinary constituted courts, and not before the State Industrial Commission, as the latter tribunal would be without jurisdiction.

To sustain this position, plaintiff cites opinions from other jurisdictions, among those so cited being Ruth v. Witherspoon-Englar Company, 98 Kan. 179, 157 Pac. 403, construing the Compensation Law of that state, from which we quote as follows:

"So much of an employe's incapacity as is the direct result of unskillful medical treatment does not arise 'out of and in the course of his employment' within the meaning of that phrase as used in the statute. * * * For that part of his injury his remedy is against the persons answerable therefor under the general law of negligence, whether or not his employer be of the number."

A similar rule is found in Ellamar Mining Company of Alaska v. Possus, 247 Fed. 420, construing the Compensation Law of Alaska. The Court of Appeals of England appears to have taken the same view in the cases of Humber Towing Co., Ltd., v. Barclay, 5 B. W. C. C. 142, and Della Rocca v. Stanley Jones & Co., 6 Neg. C. C. Ann. 624, holding that where the employe's injuries arose out of and in the course of the employment and were aggravated by insufficient medical attention, such aggravated injuries did not "arise out of and in the course of the employment" within the meaning of the term as used in the Workmen's Compensation Law of England.

On this question, as many other questions growing out of the Compensation Law, the decisions of the appellate courts are apparently in conflict; however, in the instant case, we are of the opinion that it is unnecessary to engage in any discussion of the differences between the Oklahoma Compensation Law and the Compensation Laws of England, Alaska, and Kansas, for the reason that the question raised has been directly determined in this jurisdiction in the case of Booth & Flynn, Ltd., v. Cook, 79 Okla. 280, 193 Pac. 36, where this court had on review the act of the State Industrial Commission in making an award to the claimant therein. The facts in that case are similar in many respects to those in the case at bar. Cook, while in the employ

of Booth & Flynn, had his leg broken, for which the Industrial Commission on December 30, 1918, allowed him compensation at the rate of $10 per week until recovery. Thereafter Booth & Flynn filed an application before the commission to discontinue the payments granted by the award. The claimant, in an amended answer, alleged that since the making of said award it had become necessary to amputate his leg, and asked that a new award be made giving him the compensation provided by the Workmen's Compensation Act for the loss of a leg. The commission granted a hearing in the matter, as a result of which it was found that the claimant had suffered the loss of the leg by reason of his injuries and was entitled to compensation fixed by the act for the loss thereof. The petitioners, Booth & Flynn, there contended that the claimant's leg was properly set by their physician, and that if the claimant had remained in the hospital, it would not have been necessary to amputate his leg. The commission in its opinion held that, "if the claimant's leg was properly set at the Bartlesville hospital by the physician, and he left the hospital prematurely without the consent of said physician or authorities in charge, and such action aggravated the injury and resulted in the rebreaking of his leg, he would not be entitled to recover the compensation fixed by the law for the loss of a leg; but that, if the claimant's leg was improperly set by petitioners' physicians, and a vicious union resulted therefrom, the loss of the leg would be upon the petitioners."

Rainey, C. J., in delivery the opinion of the court, said:

"We are aware that, in negligence cases not arising under compensation acts, many courts hold that the master's liability ceases when he exercises reasonable care in selecting competent physicians or surgeons. But workmen's compensation acts are a departure from cases of liability resulting from negligence and fix specific amounts of recovery for specific results of accidents. To deny recovery for the ultimate result of the accident where the disability has been increased by the intervening negligence or carelessness of the employer's selected physician would be to defeat one of the purposes of the act. Under workmen's compensation acts, an employer is liable for all the legitimate consequences following an accident, including unskillfulness or error of judgment of a physician furnished the injured employe as required by section 4 of our Compensation Act."

The compensation provided for in the Workmen's Compensation Law is for in-

juries sustained by employes while engaged in the hazardous employments enumerated in section 1 of the Session Laws of 1919, p. 14. The act requires that every employer engaged in conducting any of the enterprises therein mentioned, which are declared to be hazardous, shall provide, as required by the act, compensation according to the schedule of the disability of his employes resulting from an accidental injury sustained by the employe arising out of and in the course of his employment. The liability prescribed is made exclusive, except where the employer fails to secure the payment of compensation for his injured employes as provided in the act; and, upon the failure of the employer to comply with the provisions of the act, the injured employe may elect either to file his claim with the Industrial Commission, or he may sue in the court having jurisdiction of the subject-matter; and, where the employe elects to bring his action in another tribunal, rather than before the Industrial Commission, the employer, under the statutes, is not permitted to plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employe assumed the risk of his employment, or that the injury was due to the contributory negligence of the employe. But, where the employer has complied with the act on his part, then the jurisdiction of an action to recover damages for the personal injuries suffered by the employe, not resulting in death, is exclusively before the State Industrial Commission.

Having reached the conclusion that the district court of Pawnee county was without jurisdiction in the premises, we deem it unnecessary to consider the second assignment of error urged by the plaintiff. It is our opinion that the trial court did not commit reversible error in sustaining the demurrer to the evidence.

HARRISON, C. J., and JOHNSON. MILLER, and NICHOLSON, JJ., concur.