## MARKLEY v. WHITE et al.

No. 21563.  May 8, 1934.

John M. Chick and Charles Hill Johns, for plaintiff in error.

Moss & Young and Cheek & McRill, for defendants in error.

ANDREWS, J.  This is an appeal from a judgment of the district court of Tulsa county sustaining an objection interposed by the defendant to the introduction of any testimony by the plaintiff and dismissing the plaintiff's cause of action.

The plaintiff was injured while employed within the meaning of the Workmen's Compensation Act, and the injury was compensable.  An award therefor was made by the State Industrial Commission.  Thereafter he brought this action against the physicians who had been engaged by his employer to treat him.  He alleged that the treatment administered by them was the cause of pain and suffering which would not have resulted from the injury if the treatment as administered by them had been the proper treatment.  The defendants pleaded that the trial court had no jurisdiction of the action by reason of the provisions of the Workmen's Compensation Act.

The plaintiff bases his claim of a right to a reversal of the judgment upon his contention that, in an action against physicians, where the plaintiff seeks to recover for pain and suffering caused by the negligence and carelessness of a physician selected by an employer within the meaning of the Workmen's Compensation Act, in treating an employee within the meaning of that act, an award of compensation by the State Industrial Commission does not preclude the plaintiff from maintaining the action.  He cites the decision of this court in Walker v. Von Wedel, 108 Okla. 292, 237 P. 87, and contends that decision settles the legal question involved herein.  With this we do not agree.

An employer liable for the legitimate consequences of a compensable injury is liable therefor under the provisions of the Workmen's Compensation Act, regardless of the fact that the effect of the injury has been aggravated by the negligence or carelessness of the physician selected by the employer.  An employee need proceed no further than the State Industrial Commission to recover full compensation therefor.  He is not required to institute an action at law against the physician to recover for the result of the negligence or carelessness of the physician.  The jurisdiction of the State Industrial Commission in such case is exclusive, except where the employer fails to secure the payment of compensation as required by law.  Booth & Flinn, Ltd., v. Cook, 79 Okla. 280, 193 P. 36; Brown v. Sinclair Refining Co., 86 Okla. 143, 206 P. 1042; Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 P. 898, and Aetna Life Ins. Co. v. Watts, 148 Okla. 28, 296 P. 977.

While the provisions of the Workmen's

Compensation Act do not apply to willful or malicious injuries (Adams v. Iten Biscuit Co., 63 Okla. 52, 162 P. 938), there was no allegation in this action of willful or malicious injury. Herein the pain and suffering for which recovery is sought were alleged to have been caused by the negligence of the physicians, their unskillful and improper treatment of the plaintiff, and their lack of ordinary care in treating him.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and OSBORN and BUSBY, JJ., absent.