## ALEXANDER v. VON WEDEL et al.

No. 22786.   Oct. 23, 1934.

A. A. Kelley and James E. Grigsby, for plaintiff in error.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for defendants in error.

PER CURIAM.   Clarence F. Alexander, as plaintiff, filed this action in the district court of Oklahoma county against Dr. Curt Von Wedel and St. Anthony's Hospital in Oklahoma City for damages for malpractice.

In the amended petition it was alleged, in substance, that the plaintiff while in the employ of the Wolverine Petroleum Corporation sustained an injury which resulted in a simple fracture of the radius, between the wrist and the elbow, and another simple fracture of the humerus, between the elbow and the shoulder; that he was placed by the Wolverine Petroleum Corporation, or its insurance carrier, in the St. Anthony's Hospital in Oklahoma City, under the immediate care of the defendant Dr. Curt Von Wedel, where he remained for a little over four months; that Dr. Von Wedel treated him so unskillfully, negligently, and unprofessionally that the fractures to his arm were not healed, and it became necessary in order to save his life that his right arm be amputated and removed at a point approximately six inches below the shoulder socket, and that he suffered great and unnecessary bodily pain and mental anguish due to the unskillfulness and negligence of the defendants. It was further alleged that plaintiff filed claim for compensation with the State Industrial Commission under the Workmen's Compensation Act, and that an award was made by said Commission and paid by the insurance carrier for the loss of plaintiff's arm. It was further alleged that the operation was performed by Dr. Von Wedel so unskillfully, negligently, and unprofessionally that the portion of the arm not removed had not properly healed or been cured, and that the plaintiff had at all times since the operation suffered great bodily pain and mental anguish, to his damage in the sum of $50,000.

To this amended petition the defendants filed separate answers, alleging, in effect, that the plaintiff at the time of the injury was employed by the Wolverine Petroleum Corporation, an oil company engaged in a business or occupation subject to and controlled by the provisions of the Workmen's Compensation Act of the state of Oklahoma, and that it carried a workmen's compensation policy with the Southern Surety Company covering all injuries suffered by its employees; that said oil company, or its in-

surance carrier, furnished plaintiff with medical, surgical, and hospital attention, as contemplated by the laws of the state of Oklahoma, and which included the services of the defendants; that the plaintiff filed a claim for compensation for said injuries before the State Industrial Commission of the state of Oklahoma, and an order was made by said Commission awarding the plaintiff compensation for the total loss of his right arm, which amount has been paid by the insurance carrier and accepted by the plaintiff; and that, by reason of these acts, the district court of Oklahoma county, was without jurisdiction of the subject-matter of the action.

Plaintiff filed a reply to these answers, in which he admitted that his employer was engaged in a business or occupation subject to and controlled by the provisions of the Workmen's Compensation Act; that he had been furnished medical and surgical attention, which included the services of the defendants; that he had filed a claim for compensation and had received an award for the total loss of his right arm, which amount has been paid and accepted by him, but denied the legal conclusions set forth in the answers to the effect that the district court of Oklahoma county had no jurisdiction of the action, and that the jurisdiction of the State Industrial Commission was exclusive.

The defendants thereupon filed separate motions for judgment on the pleadings upon the ground and for the reason that they showed that plaintiff was not entitled to recover as a matter of law. In due course the matter was heard by the trial court and the motions for judgment on the pleadings were each sustained, and judgment entered in favor of each of the defendants and against the plaintiff. Plaintiff excepted and has duly and properly appealed from the judgment.

Plaintiff contends that, in addition to the award which he received from the State Industrial Commission for the total loss of his right arm, he is entitled to maintain this action, not for the physical injury caused him through the negligence and unskillfulness of the defendants, for he admits that the award includes the physical results of their negligence, but that he is entitled to recover in a common-law action damages for physical pain and mental suffering caused him by the negligence and unskillfulness of the defendants, as the Workmen's Compensation Act makes no provision for an award for physical pain and mental suffering.

It is also contended by the plaintiff that it would be contrary to good public policy if physicians and surgeons employed by the industries could not be held responsible in a separate common-law action for their negligent, careless and unskillful treatment of employees of such industries, and that sound public policy should require the physician to account directly to the employee he has treated for any dereliction in the performance of his professional duty.

Many cases are cited from other jurisdictions construing the Workmen's Compensation Acts of various states on this question. Different conclusions have been reached by different courts, and the same conclusions have been reached in different states by different processess of reasoning. It will also be found that the various Workmen's Compensation Acts differ—some materially and others only slightly—but there are hardly any two of them exactly alike, and these authorities do not give us much assistance in the construction of our own act.

The question presented is of considerable academic interest, but it has heretofore been definitely settled by this court and we are satisfied to follow the rule heretofore announced.

An employee is entitled to receive compensation through the State Industrial Commission for an injury sustained by him while employed in a hazardous occupation, and the award made by the State Industrial Commission includes compensation for the original injury and compensation for the ultimate results of such injury, including the carelessness or negligence of the employer's selected physician or hospital. Booth & Flinn, Ltd., v. Cook et al., 79 Okla. 280, 193 P. 36; Brown v. Sinclair Refining Co., 86 Okla. 143, 206 P. 1042; Aetna Life Ins. Co. v. Watts, 148 Okla. 28, 296 P. 977; Barnsdall Refining Co. v. Ramsdall et al., 149 Okla. 99, 299 P. 499.

Under our Workmen's Compensation Act, the award is based in part upon suffering and mental anguish of the injured employee. Aetna Life Ins. Co. v. Watts, supra; New Amsterdam Casualty Co. v. Rinehart & Donovan, 124 Okla. 227, 255 P. 587; Markley v. White et al., 168 Okla. 244, 32 P. (2d) 716.

There is one exception noted in this court, which is stated in the case of Walker v. Von Wedel, 108 Okla. 292, 237 P. 86. In that case this court held that a petition filed in the district court after an award has been made by the State Industrial Commission and accepted by plaintiff, which charged

that the acts of the physicians were "maliciously preformed in an unskillful manner, which resulted in the unnecessary bodily suffering and mental anguish," stated a cause of action against the physicians, notwithstanding the fact that the award under the Workmen's Compensation Act was based in part upon suffering and mental anguish on the part of the employees. The theory of that case is that it is the duty of a physician to so care for his patient as not to cause "unnecessary bodily suffering and mental anguish" to him through malicious acts, and that a violation of the rule amounts to an injury for which damages may be recovered in a common-law action.

There is no charge here of maliciousness or wantonness, but the plaintiff predicated his case solely upon negligence, the petition alleging that the operation was performed "unskillfully, negligently, and unprofessionally, and that by reason of the unskillfulness, negligence, and unprofessional way and manner in which said operation was performed," etc. It follows, therefore, that all the damage which plaintiff seeks to recover here was included in the award made to him by the State Industrial Commission.

The facts in the very recent case of Markley v. White et al., supra, are almost identical with the facts in the instant case, and the contention there made was almost identical with the contention here. The plaintiff had received an award from the Industrial Commission for an injury while employed within the meaning of the Workmen's Compensation Act. He thereafter brought an action against his physicians, who had been engaged by his employer, alleging that the treatment administered by them was negligent and was the cause of pain and suffering, which would not have resulted from the injury if the treatment had been proper. It was contended by the plaintiff that the acceptance of the award did not preclude him from maintaining the action, and that the award of the Commission did not include pain and suffering, for which recovery was sought. It was held that the jurisdiction of the State Industrial Commission in such cases was exclusive, except where the employer fails to secure the payment of compensation as required by law, and that the district court had no jurisdiction of the subject-matter of the action.

It follows, therefore, that the decision of the trial court in this case was correct, and should be and is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. H. Maxey, George S. Ramsey, and Everett Petry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Maxey and approved by Mr. Ramsey and Mr. Petry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.