ROTA-CONE OIL FIELD OPERATING
CO. v. CHAMNESS.
No. 31566.    May 7, 1946.
*168 P. 2d 1007.*

George F. Short, Welcome D. Pierson, George E. Fisher, and John F. Reed, all of Oklahoma City, for plaintiffs in error.

Ames, Monnett, Hayes & Brown, of Oklahoma City, for defendant in error.

HURST, V.C.J.  The Workmen's Compensation Law of this state provides that if a workman entitled to compensation thereunder is injured "by the negligence or wrong of another not in the same employ," he may pursue his common law remedy against such person in the courts, 85 O. S. 1941 § 44.  The principal issue involved in this case is whether employees of separate independent contractors under the same general contractor, working together to accomplish a common result, but performing the separate tasks for which they were hired, are persons in the "same employ" within the meaning of the above provision.

The British American Oil Producing Company contracted with defendant, the Rota-Cone Oil Field Operating Company, to deepen a certain oil well on its lease.  After defendant had commenced operations the British American Oil Producing Company decided that a string of protective casing should be installed in the well, and by another contract engaged the Nichols Casing Crew to perform the necessary labor.  The contracts of both defendant and the Nichols Casing Crew stipulated that such parties were independent contractors and that they were to perform the work contracted for without any direction or supervision of the British American Oil Producing Company.  All parties to these contracts complied with the requirements of the Workmen's Compensation Law, either by carrying adequate workmen's compensation insurance on their employees or by obtaining authority to assume and carry their own risk.

The two operations were carried on simultaneously, the employees of defendant deepening the well and the employees of the Nichols Casing Crew performing the labor incident to lowering and setting the protective casing as the drilling progressed.  A single power unit, furnished by defendant and operated by its employees, supplied the power for both operations. During the progress of the work, a bolt, which defendant's employees had used in rigging up certain of the overhead equipment, came loose, fell some 50 feet, and struck plaintiff, Luther Frank Chamness, an employee of the Nichols Casing Crew, destroying the vision of his left eye. He **brought this common law action against**

defendant, alleging that he had been injured by the negligence of its employees. Defendant defended on the ground (among others) that the injury was cognizable solely by the State Industrial Commission, and that the district court was without jurisdiction. The court denied this contention and submitted the case to the jury. The verdict was in favor of plaintiff, and from the judgment entered thereon, defendant appeals.

1. Defendant contends that the court was without jurisdiction of the common law action because plaintiff and the employees of defendant who injured him were persons "in the same employ" within the meaning of 85 O. S. 1941 § 44. It asserts that workmen are "in the same employ" thereunder if they are working together to accomplish a common result, and that it is immaterial whether they are employed by the same or separate independent contractors. To sustain its position defendant relies upon our decision in Thompson v. Kiester, 141 Okla. 69, 283 P. 1018, which, it contends, is still in effect and controlling. On the other hand plaintiff asserts that Thompson v. Kiester has been, in effect, overruled on this question by our later decisions in Dolese Bros. v. Tollett, 162 Okla. 158, 19 P. 2d 570, and Parkhill Truck Co. v. Wilson, 190 Okla. 473, 125 P. 2d 203, and that employees of separate independent contractors, even though working on the same general job, are not persons "in the same employ" within the meaning of the statute. A determniation of the question requires an examination of the three cited cases.

In Thompson v. Kiester, the Prairie Oil & Gas Company had engaged a contractor to make certain repairs upon a rig where drilling operations were in progress. An employee of the rig contractor was injured by the negligence of the drilling contractor and we held that the parties were "in the same employ" within the meaning of 85 O. S. 1941 § 44. We stated that the test was not whether the one causing the injury was liable to the injured party for compensation, but rather was whether the parties were engaged in the same general business for the same general employer. And we held that within the meaning of the statute the Prairie Oil & Gas Company was the general employer of both the rig contractor and the drilling contractor, whether such parties were independent contractors or not.

However, in Dolese Bros. v. Tollett we later held that an employee of a plastering contractor was not a person "in the same employ" as a materialman who had contracted to furnish sand to the plastering contractor. In that case the employee of the materialman, while delivering sand upon the premises where the plastering was being done, negligently injured the employee of the plastering contractor. In holding that the materialman was a third party against whom a common law action could be maintained, we approached the question of when parties were "in the same employ" from a very different viewpoint than that used in Thompson v. Kiester. We pointed out that the materialman was not liable to the injured workman for compensation, and that if he was to be likewise immune to a suit for damages, he would escape liability altogether for the negligent acts of his servant. And we further observed that in such event the employer of the injured workman and his insurance carrier would be deprived of their right to recoup the compensation which they would be required to pay to the injured workman, and which the law intended that they should recover from the third party tort-feasor. We concluded that the Workmen's Compensation Law could be given no such construction. Referring to the case of Thompson v. Kiester, we said:

"If the language used in that decision was intended to mean that a contractor is an employee within the meaning of the act it is specifically overruled."

In Parkhill Truck Co. v. Wilson, a general contractor was employed to remove certain pipe from a pipeline and recondition it. It employed the Park-

hill Truck Company, as an independent contractor, to haul this pipe to certain racks where the reconditioning was to take place. In the course of the operations an employee of the Parkhill Truck Company negligently injured an employee of the general contractor. We followed Dolese Bros. v. Tollett and held that the independent contractor was not a person "in the same employ" as the injured workman, but was a third party who could be sued in a common law action.

Defendant urges, however, that in these later cases the employees of the independent contractor were not shown to have been working in conjunction with the injured workmen and argues that they should not be construed to impair the rule laid down in Thompson v. Kiester in cases where, as here, the employees of the separate contractors are co-operating to accomplish a joint result. The co-operation or unity of effort which is relied on to distinguish the case at hand from such other cases is that the power used by the Nichols Casing Crew in running and tightening the casing was supplied by a unit operated by an employee of defendant.

We are unable to agree that this distinction is of controlling importance. The employees of all independent contractors, engaged by a general contractor, are to some degree working together to accomplish a common undertaking, and as long as they are performing the separate tasks for which they were hired, we fail to see that the closeness of their co-operation should be made the test of whether they are "in the same employ". There is nothing in Dolese Bros. v. Tollett which suggests that the result would have been different had the parties been working in closer co-operation. The true distinction between Thompson v. Kiester and Dolese Bros. v. Tollett is that the cases were decided upon different and incompatible theories. In the one case it was said that the question of whether the contractor was liable to the injured workman for compensation was not the test; in the other it was said to be of controlling importance. Under this test, the question of whether the employees of the separate contractors were co-operating closely or otherwise is immaterial.

We conclude, therefore, that this case is governed by our decisions in Dolese Bros. v. Tollett and Parkhill Truck Co. v. Wilson, and that the trial court correctly held that it had jurisdiction of the action.

To avoid misunderstanding as to the extent of our decision, it should be noted that the question presented by this case is not the question which was reserved in Parkhill Truck Co. v. Wilson. An examination of the fifth paragraph of the syllabus of that case discloses that the question reserved there was whether an injured workman would be "in the same employ" as the servants of an independent contractor if he were "engaged in performing the work that the independent contractor was hired to perform." But that is not the question here. In this case it is stipulated that at the time of the injury plaintiff and defendant were each "engaged in the work contemplated" by the separate contracts under which they were employed. It is true that the separate independent contractors were co-operating, but the employees of neither contractor were subject to the control of the other, nor were they engaged in doing work which the other had been "hired to perform."

2. Defendant next contends that the trial court erred in refusing to permit its attorney to argue to the jury that under the provisions of the Workmen's Compensation Law plaintiff could not have received an award in excess of $1,800. It asserts that this was a fact the jury was entitled to know in fixing the amount of plaintiff's recovery. We think there is no merit in this contention. The amounts scheduled as compensation for disabilities under the Workmen's Compensation Law are arbitrary and do not necessarily bear any relation to the amount of damages recoverable in a common law action.

3. Defendant's remaining contention is that the verdict of the jury for $8,000 was excessive. At the time of his injury plaintiff was an able-bodied man, 38 years of age. The vision of his left eye was completely destroyed by the accident and there was evidence that it would be necessary to remove his eyeball by a future operation. Under these circumstances we think there is no reason to require a remittitur. See the following cases where judgments in excess of $8,000 for the loss of an eye have been permitted to stand: Chicago, R. I. & P. Ry. Co. v. Devore, 43 Okla. 534, 143 P. 864; St. Louis-San Francisco Ry. Co. v. Stitt, 108 Okla. 42, 233 P. 1073; Shell Petroleum Co. v. Perrin, 179 Okla. 142, 64 P. 2d 309.

Judgment affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.