Bertha HULL, Plaintiff in Error;.

v.

Frank B. WOLFE, Defendant in Error.

No. 40468.

Supremc Court of Oklahoma..

May 27, 1964.

Rehcaring Denicd Junc 23, 1964.

Sylvan Bruner, Pittsburg, Kan., and James E. Driscoll, Seminole, for plaintiff in error.

Wheeler & Wheeler, Tulsa, for defendant in error.

BERRY, Justice.

During the course of her employment in Pittsburg, Kansas, Bertha Hull, herein referred to as plaintiff, received a compensable injury on August 26, 1958 for which a claim was filed with the Kansas Workmen's Compensation Commission. She continued her employment while under treatment by a chiropractor who eventually referred her to Dr. Frank B. Wolfe, herein referred to as defendant. Consultation with defendant resulted in arrangements being made for plaintiff's admission to the Oklahoma Osteopathic Hospital. Following admission, plaintiff signed an agreement consenting to surgery and subsequently submitted to surgical procedures. Treatment by defendant ultimately culminated in filing of the present action seeking damages for personal injuries allegedly resulting from defendant's wrongful, malicious, fraudulent and unauthorized acts which constituted gross negligence, since defendant falsely represented and deceived plaintiff and thereby induced her to submit to surgery.

Upon hearing of the compensation claim before the Workmen's Compensation Commission on May 23, 1959, an agreed, lump-sum settlement in the amount of $6,650.00 was approved by the trial commissioner. Terms of such settlement required plaintiff to discharge her accumulated medical bills.

The Commission approved the settlement in view of disputed issues as to whether plaintiff had suffered a compensable injury or that disability resulted from unauthorized surgery, and also whether the employer was responsible for plaintiff's medical treatment. No formal settlement agreement was executed, the settlement being ordered paid by the trial examiner upon plaintiff's testimony that she desired settlement of her compensation claim upon such basis.

The defendant answered by general denial and also specially alleged plaintiff had prosecuted her claim in Kansas for compensation wherein she sought to recover for compensable injuries received and which had been treated by defendant; that settlement of the compensation claim had been effected under an agreement that plaintiff should pay all medical expenses; that by reason of such settlement defendant could not be liable for damages from malpractice, existence of which specifically was denied.

The defendant filed motion for judgment upon the pleadings for the reason that the answer disclosed plaintiff had no cause of action against defendant. Thereafter the trial court entered judgment sustaining defendant's motion for judgment. Plaintiff elected to stand upon the pleadings and the trial court thereupon dismissed plaintiff's action, which action resulted in filing of this appeal.

In support of the propriety of the trial court's order and judgment the defendant urges, since this is a tort action governed by Oklahoma law, that a settlement of the compensation claim operated as a release of defendant from any prospective liability. The argument is that an action for malpractice in a tort action, the actionable quality of which is to be determined by the lex loci, the release of the original wrongdoer (the employer) by settlement of the claim, bars any action against defendant based upon negligence in treatment. Further, jurisdiction of the Industrial Court is exclusive as to the consequences of accidents and aggravation thereof resulting from intervening negligence of an employee's physician. Thus, to allow this plaintiff to recover in a common law action extends to plaintiff a right which is not available to citizens of this State by granting a remedy contrary to settled public policy of the State. A further argument asserting matters based upon limitation of actions does not require discussion in view of the conclusion reached.

The precise question presented has not been considered heretofore. This Court has had occasion to pass upon related questions in the cases hereafter noted.

In Adams v. Iten Biscuit Co., 63 Okl. 52, 162 P. 938 (1917), constitutionality of the Workmen's Compensation Law was in issue. This Court declared the Act was intended to cover all accidental injuries, but did not include willful or intentional injuries whether inflicted by the employer or the employee, since same was not accidental.

In Booth & Flinn, Ltd., v. Cook et al., 79 Okl. 280, 193 P. 36 (1920), an employee who received a compensable injury eventually had to undergo amputation of an injured leg. The Industrial Commission vacated an earlier order and allowed claimant a greater award by reason of the aggravated injury. In affirming the award of compensation this Court first announced the principle that an employer is responsible for all legitimate consequences of an accidental injury, including unskillfulness or errors in judgment of the physician furnished by the employer, and regardless of the fact the injury has been aggravated or increased by the intervening negligence of the physician.

In 1922 the Court decided Brown v. Sinclair Refg. Co., 86 Okl. 143, 206 P. 1042. Therein compensation was allowed an injured employee and full settlement for any and all disability was approved. Thereafter the employee sued seeking damages alleged to have resulted from the physician's negligence in examination and treatment. Judgment sustaining a demurrer to

the petition was affirmed. That decision recognized the conflict in the cases upon the issue, especially cases declaring that injuries aggravated by insufficient medical care did not "arise out of and in the course of" employment. However, the judgment was affirmed squarely upon authority of the court's decision in Booth & Flinn, Ltd., v. Cook, supra, because sole jurisdiction to determine such matters rests with the Industrial Commission *where the employer has complied* with the provisions of the Act.

In Walker v. Von Wedel, 108 Okl. 292, 237 P. 86 (1925), an employee of a steam laundry received a compensable injury and was treated by a physician selected by the employer. Subsequently a common law action was filed to recover damages for injuries for bodily suffering and mental anguish allegedly resulting from the physician's acts which were maliciously and unskillfully performed. In reversing judgment sustaining motion for judgment on the pleadings, this Court stated that the Compensation Act covered disability arising from injury to the person but did not fix compensation for bodily suffering or mental anguish which were not included within the schedule of compensation. Hence, since not within the schedule under which an employee is to recover for injury, no reason existed for denying such employee the right to recover damages for the independent and wrongful acts of such tort feasor. The court specifically declared the Act could not be construed as an inhibition against an employee's right of action against a physician whose acts are alleged to be of a malicious nature.

In Markley v. White, 168 Okl. 244, 32 P. 2d 716 (1934), we affirmed the rule that the employer is liable for all legitimate consequences of a compensable injury regardless of fact same was aggravated by negligence and carelessness of the physician selected by the employer. This decision recognized that an exception exists in cases of willful or malicious injury as noted in Adams v. Iten Biscuit Co., supra.

Alexander v. Von Wedel, 169 Okl. 341, 37 P.2d 252, decided in 1934, followed earlier cases holding that an award for compensable injury included award for pain, suffering and mental anguish. The decision was based upon a state of facts said to be nearly identical with the Markley case, since plaintiff's cause of action was predicated solely upon the physician's negligence.

Our most recent expression connected with the question was in Farrar v. Wolfe, Okl., 357 P.2d 1005, wherein plaintiff brought a common law action for damages for malpractice against a hospital and the attending physician based upon the doctor's alleged unprofessional and negligent treatment which aggravated the prior injuries. Prior to trial plaintiff executed a release of all claims. The issue involved was whether such release constituted a defense to the malpractice action. In affirming the trial court's judgment for defendant upon the pleadings, we relied upon the so-called majority view that release of one tort feasor barred an action for malpractice by reason of a physician's negligent aggravation of the injury. See 41 Am.Jur. Physicians & Surgeons, Sec. 137.

Determination of the present appeal does not require review of the correctness of the holding in the Farrar case or the reasoning upon which same is based. However, we do note the failure therein to differentiate between cases based upon negligence alone and cases involving elements of willfulness and maliciousness. And, we consider the first syllabus in the cited case too broad, since in the present case defendant asserts in view thereof that settled law in this jurisdiction bars action for damages for malpractice when the injured party has released the original tort feasor. And, the so-called "majority rule" cited to support such decision is derived from cases which predicated non-liability upon the ground that a different result would permit "double recovery" by the injured party. Without extended discussion relative to the verity of this argument it is sufficient to

point out the fallaciousness of such premise in view of our statute, 85 O.S.1961 § 44, providing for subrogation of claims which would preclude such result.

We hold the rule announced in Farrar v. Wolfe, supra, is inapplicable. This is true for two reasons. First, the rule fails to take into account the exception recognized by this Court upon the basis of our decisions in Adams v. Iten Biscuit Co., supra, and Walker v. Von Wedel, supra. Second, the "majority rule" cited in the Farrar case gave no recognition to an exception explicitly noted in the introductory note outlining the scope of the annotation in 40 A.L.R. 2d 1076 as quoted in defendant's brief. At page 1076 appears the following:

"With the exception of two or three cases to which attention is called, where these cases appeared particularly useful, cases involving awards or settlements of claims under workmen's compensation acts have generally been excluded from this annotation, even though releases were involved, since these cases are more representative of the following related subjects of annotation:

"Right of employee who has received award, or employer or insurer, to maintain action against physician for malpractice, in 82 ALR 932, supplemented in 139 ALR 1010."

The annotation and supporting authorities are urged by defendant as disclosing the majority rule. However, in Larson's Workmen's Compensation Law, Vol. 2, Sec. 72.60, it is stated:

"Of the thirty jurisdictions that have considered judicially the suability of physicians who have aggravated a compensable injury by malpractice, twenty-three have in some form recognized that a suit would lie. Of these, eighteen treat the third-party liability of the physician on broadly the same terms as that of any other third person. Two appear to allow the employee to keep the proceeds of the mal-practice recovery in addition to compensation, with no obligation to reimburse the employer. Three hold that compensation is not payable by the employer for aggravation due to malpractice in the first place, contrary to the almost-universal majority rule including such aggravation, and thus leave open the possibility of an independent damage suit by the employee against the physician which would bear no relation to compensation law.

"Four states appear to relieve the malpractitioner from all tort liability. Another has barred action by an employee who has accepted compensation, without giving any indication what the result would be if he had not, or if the employer had sued as subrogee."

Disposition of the question presented by this appeal does not require declaration of a rule relative to the effect of the employee's compromise settlement. Circumstances disclosed by this record establish determinability of the issue under the peculiar facts of the case. The attending physician was not furnished by the employer, but was selected independently by plaintiff. Thus, cases which involved aggravation of injury by negligence of the employer's doctor are inapplicable.

The negotiations relative to compromise and release of the compensation claim were conducted between plaintiff and the employer. Nowhere in the proceedings was the fact of defendant's interest in the matter disclosed. Thus, so far as the record shows, no consideration was given to the question whether there was a single injury or whether defendant's treatment might be considered to have constituted a new injury. Therefore, the release relied upon as constituting a bar to plaintiff's action must be found, if at all, in the record of the hearing where the compromise was consummated and approved.

As the basis of the compromise and after discussion as to the amount of settlement, and plaintiff having indicated she had been

advised of and was satisfied with the terms, the following occurred:

> "Mr. B. I also advised you of the fact there were disputed issues as to the extent of your disability and also a contention by the employer and insurance company that they did not owe the medical to date because they claimed it wasn't authorized?
>
> "A. That's right.
>
> "Mr. B. I told you that out of this settlement you were going to have to pay your medical expense and attorneys' fees?
>
> "A. Yes.
>
> \* \* \* \* \* \*
>
> "Mr. H. You realize that no matter what the future holds, this is a full, final and complete release of any liability where your former employer, Louis Price & Sons, and the Pacific Indemnity Company are concerned?
>
> "A. Yes."

The foregoing constitutes the matters upon which the asserted release constituting a bar to the action rests.

Under these circumstances the question is whether the parties contemplated and intended that such release should extend to claims plaintiff might have against third parties. Seemingly, the question supplies its own answer. Defendant was wholly unknown to, or connected with, the Kansas compensation proceedings. Herein we are not concerned with related phases such as whether this was a general release which failed to preserve plaintiff's right of action by specific language. As no formal release was executed by plaintiff the nature and intention of the parties to the agreed settlement of the compensation claim must control. Unless it is fairly deducible from the language of the settlement that the intent was that it should extend to defendant, then plaintiff's right of action was not barred thereby.

Nothing in this record indicates in the slightest degree that the parties understood the court-approved compromise was to operate as a discharge of responsibility for plaintiff's total injury. Neither can the testimony be construed as indicating an intention to include plaintiff's possible malpractice claim against defendant who was a non-resident, not in privity with parties to settlement and so far as record shows, wholly unknown to anyone other than plaintiff. The text, 41 Am.Jur. Physicians & Surgeons, Sec. 137, p. 253, states that the intention of the parties as to the scope of the release must be determined as a question of fact.

 Insofar as pertinent to the issues herein involved, our prior decisions provide the following rules: (1) the Compensation Act does not cover willful or intentional injuries; (2) a right of action against third persons is reserved to an injured employee by statute and decided cases; (3) malicious, willful and unprofessional acts resulting in injury are not within the purview of the Compensation Act.

 We hold that the compromise settlement effected in the Kansas compensation proceeding was intended to operate as a release of a third party who had no connection with the original liability not only would require a strained construction but would effectively abrogate the force of the above mentioned rules. Such holding would create an anomalous situation since it could be decided that the employer was not responsible for the expense of medical treatment furnished by the physician of plaintiff's choice, but compromise settlement and acceptance of the amount due as compensation operated to release the physician from all liability for his acts. The settlement of plaintiff's compensation claim did not indicate an intention that same was to operate in discharge of any liability which defendant might have owed to plaintiff. The pleadings disclosed presence of a determinable question of fact. Where any issue of fact exists upon which a valid judgment could be rendered, it is reversible error to sustain a motion for judgment

on pleadings. Hill v. Anderson, Okl., 363 P.2d 849, and Atchison T. & S. F. Ry. Co. v. Coulson, Okl., 371 P.2d 914.

We hold that the trial court erred in sustaining defendant's motion for judgment upon the pleadings. The judgment is reversed and the cause remanded with directions to set aside the order of dismissal entered herein and reinstate the cause.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and IRWIN, JJ., concur.