Raymond D. Brown, Appellant,

v.

C. H. GUERNSEY & CO., an Oklahoma corporation, Appellee.

No. 46305.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 18, 1973.

Rehearing Denied Feb. 6, 1974.

Certiorari Denied May 7, 1974.

Released for Publication by Order of the Court of Appeals April 4, 1975.

Harry R. Palmer, Jr., Oklahoma City, and Marcus Holcomb, Holcomb & Holcomb, Buffalo, for appellant.

C. J. Watts, Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellee.

NEPTUNE, Judge.

Plaintiff Brown was employed as a foreman by Sims Electric Company. Sims was engaged by Northwestern Electric Cooperative to rebuild a transmission line. Northwestern Co-op also contracted with defendant corporation Guernsey for certain engineering services in connection with the rebuilding of the line. Plaintiff was injured when a pole he had climbed broke below ground level and fell.

Plaintiff alleged negligence of defendant Guernsey through its employee Eder because Eder specified use of poles of such age and condition that they might break due to deterioration, that defendant knew or should have known that the poles would not support a workman, and that defendant failed to warn plaintiff and instead advised plaintiff that the poles were safe to climb.

Defendant Guernsey sought summary judgment asserting that any duty owed by defendant to plaintiff arose from a relationship of principal and agent between Northwestern Co-op and defendant and that therefore any claim plaintiff might have would be within the exclusive jurisdiction of the Oklahoma Industrial Court

applying workmen's compensation law. Plaintiff, on the other hand, contended that defendant occupied the position of independent contractor for the co-op and as such was a third party who could be sued in tort action for negligence. The trial court found a relationship of principal and agent between Northwestern Co-op and defendant and sustained defendant's motion for summary judgment. Plaintiff appeals.

For convenience in review, we set out pertinent parts of 85 O.S.1971. Section 11 reads:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury . . . ..

"1. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business.

"2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. If it appears in such proceeding that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this State, by his or their independent contractor, then such employee may proceed against such principal employer without regard to liability of any independent, intermediate or other contractor. Provided, however, in any proceed-

ing where compensation is awarded against the principal employer under the provisions hereof, such award shall not preclude the principal employer from recovering the same, and all expense in connection with said proceeding from any independent contractor, intermediate contractor or subcontractor whose duty it was to provide security for the payment of such compensation, and such recovery may be had by supplemental proceedings in the cause before the State Industrial Commission or by an independent action in any court of competent jurisdiction to enforce liability of contracts."

Title 85 O.S.1971 § 12 provides:

"The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee . . . .."

At the outset it should be made clear that appellee independent contractor here involved is not a subcontractor performing work contracted by Sims. Appellee Guernsey is an independent contractor directly contracting with the principal employer, Co-op. Also, Sims as an independent contractor made its contract directly with the principal employer, Co-op. Neither Sims nor appellee Guernsey was performing work under the other's contract. Each was, so far as this record discloses, independent, and not in any relationship such as a subcontractor.

The sole question on appeal is stated by appellant to be:

" . . . [D]id the Legislature . . . in enacting the Workmen's Compensation law, abrogate the common law remedy of plaintiff and other injured workmen, to sue a negligent third party corporation which in no manner could be secondarily liable to them under the Workmen's Compensation Act . . . ?"

We think this fairly states the issue.

Appellee concedes the issue as one of law only, and puts it in the following terms:

" . . . [W]hether Guernsey [appellee], providing engineering services to the Co-op, shares the Co-op's immunity from liability to employees of the independent contractor, Sims."

█ We think that a careful examination of the statutes involved and of the authorities touching upon the problem requires our holding that appellee is not afforded the immunity which is, by the Act, afforded to appellant's (plaintiff's) immediate employer, Sims, and the principal employer, Co-op, and their employees.

The Workmen's Compensation Act also provides that if a workman entitled to compensation thereunder is injured "by the negligence or wrong of another not in the same employ" he may pursue his common law remedy against such person in the courts. 85 O.S.1971 § 44.

In the case of Rota-Cone Oil Field Operating Co. v. Chamness, 197 Okl. 103, 168 P.2d 1007 (1946), the defendant contended that the court was without jurisdiction of the common law action because the plaintiff and the employees of the defendant who injured him were persons "in the same employ" within the meaning of 85 O.S.1971 § 44.

The court said:

"The employees of all independent contractors, engaged by a general contractor, are to some degree working together to accomplish a common undertaking, and as long as they are performing the separate tasks for which they were hired, we fail to see that the closeness of their cooperation should be made the test of whether they are 'in the same employ.' "

Appellee was hired to perform one task and Sims Electric was hired to perform a different task for the Co-op. Neither Sims nor Guernsey had supervision, dominion or control over the employees of the other though the "common undertaking" was the reconstruction of the line which resulted in injuries to appellant.

Syllabus 1 of Rota-Cone states:

"Where employees of separate independent contractors under the same general contractor are engaged in performing the separate and distinct tasks which they have been hired to perform, they are not persons 'in the same employ' within the meaning of 85 O.S.1941, § 44, even though they are cooperating to accomplish a joint result."

Appellee's brief does not directly answer the principle stated in Rota-Cone. Rather, it urges application of the authority of Lunow v. Fairchance, 389 F.2d 212 (10th Cir. 1968).

In Lunow, a general contractor, Rockwell, engaged defendant independent contractor, Fairchance, to construct a building according to plans and specifications prepared by defendant architects Allen & Hoshall, a partnership employed by Rockwell. Fairchance subcontracted a part of its contract to Western Steel, an independent contractor. Western Steel's employee, Lunow, was injured on the job. A derivative action by Lunow's wife sought to hold Rockwell, Fairchance, and Allen & Hoshall liable as third party tortfeasors. Understandably, Rockwell as the "principal employer" engaging an independent contractor whose subcontractor's employee was injured while doing an integral part of the contracted work, was held immune from common law tort liability. So also was Fairchance held immune. The result of the case also extended the immunity to Allen & Hoshall as employees of Rockwell. Syllabus 5 by the reporter reads as follows:

"Architects employed by independent contractor were agents of such employer and hence their acts of negligence, attributable to such employer, shared employer's immunity from liability for injury to subcontractor's employee under Oklahoma statutes making workmen's compensation exclusive remedy for injuries to employee."

Appellee calls attention to the following quotation from the opinion:

"Appellees Allen & Hoshall are alleged to have committed numerous and specific acts of negligence contributing to the husband's injuries. But, as architects employed by Rockwell, they were the agents of their employer, i. e. see 6 C.J. S. Architects § 7. And, it seems to be alleged and conceded that the alleged negligent acts were performed in the course of their employment. Any acts of negligence were, therefore, directly attributable to Rockwell which we have held to be immune from the asserted liability."

But assuming the validity of the above, how does it follow that a negligent *independent contractor* causing injury to the employee of another independent contractor gains the immunity granted the common principal employer? Appellee's conclusion escapes us except on the impossible premise that an independent contractor can be an "employee."

The grant of immunity is specified by 85 O.S.1971 § 12:

"The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury . . . .."

And as previously mentioned, § 44 makes it clear that the common law liability against persons not in the same employ is not abrogated. Appellant, when injured, was not engaged in helping appellee independent contractor. Appellant and appellee were not co-employees for the reason that appellee was independent of the employer of appellant. "An independent contractor is not an employe as the word 'employe' is used in this respect, though such independent contractor is in the general employment of a general contractor. An employe, as related to this kind of situation, means one under the direct supervision and control of his immediate employer." Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203 (1942).

Appellee, in support of the judgment further contends that Hatley v. Mobil Pipe Line Co., Okl., 512 P.2d 182 (Okl.1973), is an identical case and requires that the judgment of the trial court be affirmed.

Hatley concerned itself with the rule:

" . . . [W]here an owner of property engages an independent contractor to do work on his premises, he owes to the contractor's employees who enter the premises to perform the work the duty of exercising reasonable care to furnish them with a safe place to work,"

and with the qualification of that rule:

" . . . [O]ne who engages an independent contractor to do work for him, and who does not himself undertake to interfere with or direct that work, is not obligated to protect the employees of the contractor from hazards which are incidental to or part of the very work which the independent contractor has been hired to perform."

The essence of the holding in Hatley was that the evidence touching upon the owner's interference with and direction of the work was not sufficient to eliminate the application of the qualification stated above. The issues decided in Hatley are not decisive of this appeal, because there the claim was by an injured employee of an independent contractor against the principal contractor—not against a different independent contractor as in this case.

Appellee further argues that the undisputed facts disclose that appellee owed no duty to appellant and therefore the absence of a duty requires that the judgment be affirmed.

■■ The existence of a duty depends upon the relationship between the parties and the general nature of the risks involved in the common undertaking. The extent of the duty depends upon the circumstances of the particular case. Whether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff should be a question for the court and not the jury. But as in this case, where vary-

ing inferences may be drawn from the facts, the court should in its instructions enunciate the duty and leave to the jury whether, in the circumstances of this particular case, the duty was breached resulting in injury. See 57 Am.Jur.2d Negligence § 33 et seq. (1971).

■ No legal relationship between the parties need be shown if the circumstances are such that the injured person has a right to rely and act upon the words and conduct of the person whose negligence in misrepresenting some fact caused the injury. Independent-Eastern Torpedo Co. v. Price, 208 Okl. 633, 258 P.2d 189 (1953). Everyone as a general rule is liable for the consequences of his wrongdoing absent legal immunity.

Reversed and remanded for further proceedings in the trial court.

BRIGHTMIRE, P. J., and BACON, J., concur.