Elba P. GERMAN, Appellant,

v.

CHEMRAY, INCORPORATED, a corporation, Sigma Motor Pump Company, a corporation, A. E. Greer and Presbyterian Medical Center of Oklahoma, Inc., a corporation, Appellees.

No. 48414.

Supreme Court of Oklahoma.

May 17, 1977.

---

Lampkin, Wolfe, Burger, McCaffrey & Norman by Ben T. Lampkin, Jr. and Edwin D. Abel, Oklahoma City, for appellant.

Foliart, Mills & Niemeyer, Oklahoma City, for Presbyterian Medical Center of Okla., Inc.

George F. Short, Robert C. Margo, Oklahoma City, for A. E. Greer.

DOOLIN, Justice.

Plaintiff in this case previously filed a claim for compensation under the Oklahoma Workmen's Compensation Act (the Act) for a work related injury to his heart, sustained in December of 1970. This injury necessitated open heart surgery which was performed by defendant Greer at Presbyterian Medical Center (Hospital) using a heart lung machine. The surgery was performed in February of 1971. On September 19, 1972, employee's claim for workmen's compensation was settled by joint petition which awarded him a total of $22,040.00.

Plaintiff filed the present action in January of 1973, alleging he was further injured during the heart surgery because of the combined negligence of defendants. He claimed he incurred permanently paralyzing injuries due to negligent design, manufacturing and operation of the heart lung machine. These subsequent aggravating injuries caused him pain and suffering, additional medical expenses and loss of earnings amounting to a total of $950,000.00.

Fireman's Fund American Insurance Companies filed a motion to intervene alleging it had paid Workmen's Compensation benefits to plaintiff for his medical expenses and disability and was thus entitled to be reimbursed from any judgment plaintiff might obtain. This motion has not been ruled on.

Hospital and Greer filed separate motions for summary judgment arguing plaintiff was barred from filing suit because he had already collected under the Act, which was his exclusive remedy. The trial court sustained both motions for summary judgment, ruling any injury suffered by plaintiff in connection with his medical treatment was merged into the award made to him by the State Industrial Court. Plaintiff appeals.

85 O.S.1971 § 44 reads:

(a) If a workman entitled to compensation under this Act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this Act, elect whether to take compensation under this Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this Act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same.

(b) There shall be no subrogation to recover money paid by the employer of

his insurance carrier for death claims or death benefits under this Act from third (3d) persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or death benefits under this Act.

Plaintiff argues that under *Hull v. Wolfe,* 393 P.2d 491 (Okl.1964), a right of action against a physician charged with negligence or malpractice is reserved to the injured employee by this statute, even though he has been compensated under our workmen's compensation laws. He further urges the Act should not be used to protect physicians and hospitals from liability for their own negligence. Because they are not a part of the statutory scheme, any remedy against them may not be presumed to have been destroyed.

Defendants Greer and Hospital direct our attention to two Oklahoma cases, *Markley v. White,* 168 Okl. 244, 32 P.2d 716 (1934) and *Alexander v. Von Wedel,* 169 Okl. 341, 37 P.2d 252 (1934). Both of these cases recognized an employer is liable through the Act for all legitimate consequences of an employee's compensable injury including aggravation by negligence or carelessness of the employer's physician who treated the injured employee. Apparently in both these cases, on basis of liability of employer alone, the court found an injured employee could not maintain a common law action for pain and suffering against a negligent treating physician.

■ Greer and Hospital attempt to distinguish *Hull v. Wolfe,* supra, which permitted such a suit, because in *Hull* the employee selected his own physician rather than being treated by one provided by his employer. Plaintiff argues the facts here involved indicate he too selected his own physician and hospital and thus he comes under defendant's narrow interpretation of *Hull.* This question however, is not determinative of his appeal.

■ At common law an injured workman in a situation such as this had two causes of action, one against his employer and the other against the negligent physician. The Act confers upon the employer immunity from an action for damages. Nowhere does it confer a similar immunity upon a negligent physician or hospital. Thus the cause of action for malpractice remains.[1]

The reasons given in *Markley* and *Alexander* for granting immunity from suit to physicians or hospitals are obscure. The authorities cited[2] all involve liability and immunity of the *employer.* It is academic that the State Industrial Court is the exclusive remedy available to an employee against his *employer* and we have no quarrel with this authority.[3] But we find no basis, statutory or otherwise, for allowing a physician or hospital to take advantage of the employer's immunity from common law suit for negligence. A right of action against third persons is reserved to an injured employee by statute and decided cases.[4] The Act does not abrogate an employee's right to a cause of action against a negligent treating physician or hospital.

■ Only those rights intended to be covered by the Act are within the exclusive jurisdiction of the State Industrial Court. A physician is a stranger to the Act and does not share its burdens. Thus he should not be entitled to its benefits. Liability of a physician is predicated on fault while that of an employer is based on relationship.

1. *Wimer v. Miller,* 235 Or. 25, 383 P.2d 1005 (1963).

2. See *Brown v. Sinclair Refining Co.,* 86 Okl. 143, 206 P. 1042 (1922); *Booth & Flinn v. Cook,* 79 Okl. 280, 193 P. 36 (1920); *Aetna Life Ins. Co. v. Watts,* 148 Okl. 28, 296 P. 977 (1931).

3. See 85 O.S.1971 § 12.

4. *Hull v. Wolfe,* supra, at 496.

Acceptance of a settlement under workmen's compensation should never be a bar to a suit against a physician who was not a party to the settlement.[5] Nothing in the Act provides aggravation of an industrial injury by a physician or surgeon is to be regarded as part of the original injury. Cases are legion where compensation for the industrial injury would be grossly inadequate to compensate injured worker for the consequences flowing from malpractice.[6]

This court in *Parkhill Truck Co. v. Wilson,* 190 Okl. 473, 125 P.2d 203, 206 (1942) in holding § 44 was not intended to benefit negligent third parties at the expense of injured employees stated:

"By this act it was not intended to affect, in any manner, the right of one to proceed against a negligent third party for personal injuries. The Workmen's Compensation Act provides compensation for injury without regard to negligence. It is obvious, therefore, that a cause of action arising under the Workmen's Compensation Act, is by nature distinctly different from the common-law remedy for damages resulting from negligence. Although both arise by reason of injury, yet under the Workmen's Compensation Act, the recovery is without regard to negligence * * * while the common-law action for personal injury must be based upon and flow directly and proximately from negligent acts. It was never intended by the Legislature by the enactment of the Workmen's Compensation Act to abrogate, modify, or in anyway affect the common-law right to exact payment of a negligent third party or tort-feasor. The whole act, construed in its proper light, shows that the Legislature never intended such an injurious effect. Since a greater responsibility was placed, by said act, upon those conducting hazardous employments, for the benefit of their injured employees than that placed upon such employers under the common law, the Legislature made provision therein for the protection of employers and their insurance carriers operating within its purview."

Any other construction would do violence to the intention of the Legislature, penalize the injured workman and give an unearned benefit to a negligent third party.

*Parkhill* has recently been approved by this court in *Travelers Insurance Company v. Leedy,* 450 P.2d 898 (Okl.1969), *Brown v. C. H. Guernsey & Co.,* 533 P.2d 1009 (Okl. App.1975) and *Bell v. Meadors,* 534 P.2d 1288 (Okl.1975) and it remains the law in Oklahoma. We see no reason why physicians and hospitals should be exempt from its application. Accordingly, we adopt this case as controlling authority in Oklahoma regarding medical malpractice actions by an employee who is covered by the Act. We hereby overrule *Markley v. White, supra,* and *Alexander v. Von Wedel, supra.*

■ A medical malpractice action in this situation is not an inconsistent remedy. Section 44 was designed to protect subrogation rights of an employer and his insurance carrier to prevent a double recovery by an employee. Plaintiff may ultimately recover compensation under the Act for the original injury and from a negligent physician or hospital for any further injury or aggravation for which the physician or hospital is responsible. It makes no difference whether the malpractice action is initiated first, holding an action under the act in abeyance or the reverse. Neither right is abrogated by an election to proceed in an action for the other.

Any problem of double recovery is met by allowing compensation payor to be subrogated as to any compensation it has paid

5. *Industrial Commission v. Standard Insurance Co.,* 149 Colo. 587, 370 P.2d 156 (1962) recognizing the common-law rule of *Froid v. Knowles,* 95 Colo. 223, 36 P.2d 156 (1934) that a physician is responsible for his own malpractice.

6. *Cooke v. Bunten,* 135 Kan. 558, 11 P.2d 1016 (1932). Also see *Hancock v. Halliday,* 67 Idaho 119, 171 P.2d 333 (Idaho 1946); *Steeves v. Irwin,* 233 A.2d 126 (Me.1967); *Pedigo & Pedigo v. Croom,* 37 S.W.2d 1074 (Tex.Civ.App. 1931).

out for injuries over and above that of original injury.[7]

It is an "elementary presumption that a wrongdoer should not be relieved of responsibility for his wrong because of arrangements made between the injured person and his employer; arrangements that are no concern of his."[8]

REVERSED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

---

**7.** *Travelers Insurance Company v. Leedy,* 450 P.2d 898 (Okl.1969).

**8.** Larson, "Workmen's Compensation Law", P. 14–106, § 2A:72.64 (1976). Also see "Work-men's Compensation: Immunity of Physician from Tort Action for Aggravation of Compensable Injuries", 29 Okl.L.Rev. 519 (1976); Annotation at 28 A.L.R.3d 1066.